CLERK'S OFFICE
Atlanta

DEC -4 2003

C. [signature], Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

**ORIGINAL**

| | |
|---|---|
| CAREY SCOTT NEAL,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX CREDIT INFORMATION SERVICES, INC., OLYMPUS SERVICING, L.P. AND WILSHIRE CREDIT CORPORATION,<br><br>Defendants. | CIVIL ACTION FILE<br>NUMBER 1:03-CV-0761-JEC |

**DEFENDANT OLYMPUS SERVICING, L.P.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL APPEARANCE FOR DEPOSITION AND FOR SANCTIONS**

Defendant Olympus Servicing, L.P. ("Olympus") respectfully submits this Response to Plaintiff's Motion to Compel Appearance for Deposition and for Sanctions.

## INTRODUCTION

Olympus has repeatedly explained to opposing counsel, both orally and in its various briefs filed in this action, that Plaintiff continues to lack capacity to prosecute any claim against Olympus until Plaintiff establishes that his claim against Olympus has been abandoned by the bankruptcy trustee. Significantly, Plaintiff continually fails to meet this simple and straight-forward requirement. As explained more fully in Olympus' Responses to Plaintiff's Motions to Compel Interrogatories and Discovery Responses and Documents, upon Plaintiff's filing bankruptcy under Chapter 7 of the Bankruptcy Code, Plaintiff's interest in any alleged claim against Olympus was transferred to the bankruptcy estate. Plaintiff, therefore, lost capacity to prosecute any claim against Olympus. As repeatedly explained in Olympus' briefs in this case, Plaintiff has yet to establish, as required by the Bankruptcy Code, that such interests have reverted back to him from the bankruptcy estate.

In sum, Plaintiff has not established that his claim against Olympus has reverted to him and, therefore, Plaintiff presently has no capacity to prosecute this litigation. Therefore, Plaintiff's Motion to Compel Deposition and Sanctions must be denied because Plaintiff lacks capacity either to compel Olympus' appearance for deposition upon oral examination or seek sanctions against Olympus.

## ARGUMENT AND AUTHORITIES

### I. Only A Duly Appointed Bankruptcy Trustee Possesses Authority To Prosecute An Estate's Claims.

Upon the filing of a bankruptcy petition, all claims once belonging to the debtor become the property of the bankruptcy estate. *See* 11 U.S.C. § 541; *In re Alvarez*, 224 F.3d 1273 (11th Cir. 2000). This includes "all legal and equitable interests of the debtor at the commencement of the case," including prepetition causes of action for personal injury. 11 U.S.C. § 541(a)(1); *Jones v. Harrell*, 858 F.2d 667 (11th Cir. 1988). Only the trustee—not the debtor—has standing and capacity to prosecute claims on behalf of the bankruptcy estate. *Id.* at 669; 11 U.S.C. §§ 704, 323; *Rashid v. Kite*, 934 F.Supp. 134 (E.D.Pa. 1996). The only mechanism by which a claim can revert from the bankruptcy estate back to the debtor enabling the bankrupt to pursue the claim is by abandonment of the claim by the Trustee. *See* 11 U.S.C. § 554; *Rosenshein v. Kleban*, 918 F.Supp. 98 (S.D.N.Y. 1998); *In re Sherrell*, 205 B.R. 20 (N.D.N.Y. 1997); *Leffew v. Kugler*, 220 B.R. 598 (E.D.Tenn. 1998); *Worth v.*

13378

*Tamarack American*, 47 F.Supp.2d 1087 (S.D.Ind. 1999); *Anderson v. Acme Markets, Inc.*, 287 B.R. 624 (E.D.Pa. 2002).

Under the Bankruptcy Code, there are only three processes by which a claim may be abandoned by the bankruptcy estate back to a debtor: (1) the Trustee, after notice and hearing, *by its own motion* may abandon any property or claim of the estate; (2) after notice and hearing, *a party in interest may motion for the bankruptcy court to order the Trustee to abandon property*; and (3) any claim can be *deemed abandoned if the claim is not administered* by the time the estate is closed. 11 U.S.C. § 554. Absent one of these developments, the claim remains the property of the bankruptcy estate and cannot be prosecuted by the debtor or the debtor's private counsel. 11 U.S.C. § 323.

## II. Plaintiff Has Yet To Establish Authority To Prosecute this Claim and To Seek Deposition Testimony or Sanctions From Olympus.

As Plaintiff has yet to establish that the Bankruptcy Code's abandonment requirements have been satisfied, Plaintiff continues to fail to establish standing and authority to prosecute this claim. As such, Plaintiff is without authority to prosecute this claim, including this motion to compel. Allowing Plaintiff to prosecute his claim

against Olympus would negate the force and effect of the bankruptcy rules, ignore the plain language of the bankruptcy code, and unlawfully transfer ownership of the claim from the bankruptcy estate to the debtor.

Furthermore, Olympus has maintained this position consistently since Plaintiff filed bankruptcy despite Plaintiff's repeated efforts to improperly prosecute this claim without establishing standing to do so. Thus, any purported wasted expense by Plaintiff is the result of Plaintiff's own unnecessary and ill-advised motions. Once Plaintiff establishes his authority to prosecute this claim and, therefore, his entitlement to depose Olympus, Olympus will comply in good faith with all its responsibilities under the Federal Rules. Until then, however, Plaintiff lacks capacity to seek such discovery.

For the foregoing reasons, Plaintiff's request for sanctions also is wholly without merit. In addition, Plaintiff's counsel acknowledged at the November 24, 2003 deposition of Plaintiff that she requests sanctions "just to get someone's attention." Affidavit of Peter S. Wahby, ¶3. Plaintiff's nonchalance in requesting punitive measures against opposing parties should not be tolerated by this Court. This is especially the case where, as here, Olympus has consistently maintained that Plaintiff

lacks capacity to prosecute this claim and Plaintiff has consistently failed to establish that the claim has reverted to him from the bankruptcy estate.

## CONCLUSION

WHEREFORE, Olympus respectfully requests that Plaintiff's Motion to Compel be denied, and that Olympus be granted all other relief to which it may be justly entitled, included but not limited to all attorneys fees and expenses associated with responding to the motion.

Dated this 4th day of December, 2003.

Respectfully submitted,

SAVELL & WILLIAMS, L.L.P.

By: _____
Robert E. Mulholland
Georgia Bar No. 527925
Scott A. Wandstrat
Georgia Bar No. 736514

1500 The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
404-521-1282
404-584-0026 (Fax)

**GREENBERG TRAURIG, LLP**

By: _/s/ Peter S. Wahby by SJR w/ permission_
Scott J. Ryskoski
Texas Bar No. 24038306
Peter S. Wahby
Texas Bar No. 24011171

**Attorneys for Defendant Olympus Servicing, L.P.**

600 Galleria Three
13155 Noel Road
Dallas, Texas 75240
972-419-1285
972-419-1251(Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served via facsimile transmission and/or U.S mail on Plaintiff's attorney of record at the following address:

Lisa D. Wright, Esq.
The Law Office of Lisa D. Wright
235 Peachtree Street NE
Suite 888
Atlanta, Georgia 30303
Facsimile: 404-588-1182
Office: 404-588-1181

This 4th day of December, 2003.

Respectfully submitted,

SAVELL & WILLIAMS, L.L.P.

By: _____
Robert E. Mulholland
Georgia Bar No. 527925
Scott A. Wandstrat
Georgia Bar No. 736514

1500 The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
404-521-1282

# CERTIFICATE OF FONT AND POINT SIZE

The font and point style used in the attached document is Times New Roman 14 Point.

This ___4th___ day of December, 2003.

                              SAVELL & WILLIAMS, L.L.P.

                By: _____
                        SCOTT A. WANDSTRAT
                        Georgia Bar No. 736514
                        Attorney for Defendants

1500 The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
Telephone No. (404) 521-1282
Fax: No. (404) 584-0026

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION



**ORIGINAL**

CAREY SCOTT NEAL,

    Plaintiff,

vs.

EQUIFAX CREDIT INFORMATION SERVICES, INC., OLYMPUS SERVICING, L.P. AND WILSHIRE CREDIT CORPORATION,

    Defendants.

CIVIL ACTION FILE
NUMBER 1:03-CV-0761-JEC

---

**Affidavit in Support of Defendant Olympus Servicing, L.P.'s Response to Motion to Compel Deposition and for Sanctions**

---

I, Peter S. Wahby, declare:

1. I am an attorney at law admitted *pro hac vice* before the U.S. District Court for the Northern District of Georgia and I am the attorney of record for Defendant Olympus Servicing, L.P.

2. This declaration is made in support of Defendant Olympus Servicing, L.P.'s Response to Plaintiff's Motion to Compel Deposition and for Sanctions.

3. Plaintiff's counsel, Lisa D. Wright, announced at the November 24, 2003 deposition of Plaintiff that she seeks sanctions "just to get someone's attention."

4. I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

This 4th day of December, 2003.

Further Affiant Saith Not.

Peter S. Wahby
Attorney for Plaintiff
Texas Bar No. 24011171

SWORN TO BEFORE ME ON THIS 4th DAY OF DECEMBER, 2003.



Notary Public in and for the State of Texas

PAT DURRWACHTER
MY COMMISSION EXPIRES
January 3, 2006

My Commission Expires:

1/3/06

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF FONT AND POINT SIZE

The undersigned certifies that true and correct copies of the foregoing document were forwarded to Lisa D. Wright, Law Offices of Lisa D. Wright, The Law Office of Lisa D. Wright, 235 Peachtree Street NE, Suite 888, Atlanta, Georgia, 30303, via first class United States Mail, postage prepaid, on the 4th day of December, 2003.

The font and point style used in the attached document is Times New Roman 14 Point.

This  4th  day of December, 2003.

SAVELL & WILLIAMS, L.L.P.

By: _____
SCOTT A. WANDSTRAT
Georgia Bar No. 736515
Attorney for Defendants

1500 The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
Telephone No. (404) 521-1282
Fax: No. (404) 584-0026