**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CAREY SCOTT NEAL,<br>　　Plaintiff<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>　　Defendants | )<br>)<br>) CIVIL ACTION<br>) FILE NO. 1:03-CV-0761-JEC<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT OLYMPUS SERVICING, L.P.'S MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD AND SCHEDULING ORDER DEADLINES

COMES NOW, Plaintiff Carey Scott Neal, by and through undersigned counsel, and respectfully submits this Opposition to Defendant Olympus Servicing, L.P.'s Motion for Enlargement of Discovery Period and Scheduling Order Deadlines.

Plaintiff's Objects to Defendant Olympus Servicing, L.P.'s (hereinafter "Olympus") Motion for Enlargement of Discovery Period and Scheduling Order Deadlines for the following reasons:

1.

Defendant Olympus' Motion was not timely filed or served.  Motions for Enlargement of Discovery Period and Scheduling Order Deadlines were due no later than December 1, 2003.

2.

Defendant Olympus has selectively participated in discovery, therefore it is not entitled to request that the discovery period be enlarged.

3.

An Enlargement of Discovery Period and Scheduling Order Deadlines causes substantial and undue prejudice to the Plaintiff and other Defendants in this action.

4.

Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order was not served upon the other defendants in this action.

WHEREFORE, Plaintiff Carey Scott Neal prays for the following:

1) That this Court DENY Defendant Olympus Servicing, L.P.'s Motion for Enlargement of Discovery Period and Scheduling Order Deadlines.

2) That this Court award attorney's fees and costs incurred for responding to Defendant Olympus Servicing, L.P.'s Motion; and

3) For such other relief as the Court may deem appropriate.

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that this Motion and Brief In Support of this Motion have been prepared with Times New Roman – 14 Point, the font and point selections approved by this Court in Local Rule 5.1B.

This 9th day of December, 2003.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By: /s/ Lisa D. Wright
                Lisa D. Wright
                Attorney for Plaintiff
                Georgia State Bar No. 268781

235 Peachtree Street NE,
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAREY SCOTT NEAL,<br>    Plaintiff<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>    Defendants | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO. 1:03-CV-0761-JEC<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT OLYMPUS SERVICING, L.P.'S MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD AND SCHEDULING ORDER DEADLINES and supporting memorandum, upon opposing counsel, by depositing a copy of same in the United States Mail with adequate postage thereon for prompt delivery by the United States Postal service and addressed as follows:

Mr. John J. Friedline
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Mr. Robert E. Mulholland
Savell & Williams
1500 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303

4

Mr. Scott J. Ryskoski & Mr. Peter Wahby
Greenberg Traurig
600 Galleria Three
13155 Noel Road
Dallas, TX 75240

Mr. Howell A. Hall
Pendergast & Jones, P.C.
115 Perimeter Center Place, Suite 1010
Atlanta, GA 30346

    This 9th day of December, 2003.


                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By: *[signature]*
                Lisa D. Wright
                Attorney for Plaintiff
                Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAREY SCOTT NEAL, <br> Plaintiff | ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO. 1:03-CV-0761-JEC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| vs. | |
| EQUIFAX INFORMATION SERVICES LLC <br> OLYMPUS SERVICING, L.P., and <br> WILSHIRE CREDIT CORPORATION <br> Defendants | |

### PLAINTIFF'S BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANT OLYMPUS SERVICING, L.P.'S MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD AND SCHEDULING ORDER DEADLINES

COMES NOW, Plaintiff Carey Scott Neal, by and through undersigned counsel, and respectfully submits this Brief In Support of Opposition to Defendant Olympus Servicing, L.P.'s Motion for Enlargement of Discovery Period and Scheduling Order Deadlines.

### I.  INTRODUCTION

This action was filed on March 20, 2003. On June 12, 2003, the Joint Preliminary Planning Report and Discovery Schedule were filed with this Court. Within that Joint Preliminary Planning Report, Defendant Olympus requested additional time to conduct discovery. On July 11, 2003, this Court issued a

1

Scheduling Order that extended the time for discovery in this action from the original four-month discovery track to six months, with discovery ending on December 1, 2003.

Defendant Olympus has refused to produce Initial Disclosures, it has refused to respond to Interrogatories, it has refused to respond to Request for Production of Documents, and it has refused to appear for its properly noticed deposition. On September 15, 2003, Plaintiff filed a Motion to Compel Defendant Olympus' Initial Disclosures. On September 16, 2003 Plaintiff filed a Motion to Compel Defendant Olympus' Interrogatory and Request for Production of Documents responses. On November 19, 2003, Plaintiff filed a Motion to Compel Defendant Olympus to appear for deposition.

Defendant Olympus has completely objected to participating in discovery served upon it. However, Defendant Olympus chose to participate in the deposition of the Plaintiff on November 24, 2003. To date, Defendant Olympus has not served Initial Disclosures, responses to Interrogatories, responses to Request for Production of Documents, nor appeared for its deposition.

## II. ARGUMENT

### 1. Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order Deadlines Was Not Filed Timely.

Local Rule 26.2B provides motions requesting extensions of time for discovery must be made prior to the expiration of the existing discovery period and will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Report was filed.

Per this Court's July 11, 2003 Scheduling Order, discovery began on June 1, 2003 and ended on December 1, 2003. The Scheduling Order also states "Any motions requesting extensions of time must be made prior to the existing deadline." The Court's Scheduling Order was based on Defendant Olympus' request for additional time beyond the four-month discovery track to which this case was assigned.

Any Motions for an enlargement of time for discovery should have been filed with the Court no later than December 1, 2003. Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order must be denied

3

because it was filed and served on December 2, 2003, after the dated prescribed in this Court's July 11, 2003 Order.

## 2. Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order Deadlines Should Be Denied For Its Selective Participation in Discovery.

Rule 26(b)(2)(ii) of the Federal Rules of Civil Procedure provides that the frequency or extent of use of discovery methods otherwise permitted under the Federal Rules of Civil Procedure shall be limited by the court if it determines that the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.

Defendant Olympus has had ample opportunity in this action to conduct and participate in discovery. However, it has chosen to selectively participate in discovery. To date, Defendant Olympus has not served Initial Disclosures, responses to Interrogatories, responses to Request for Production of Documents, and has refused to appear for its deposition. However, counsel for Defendant Olympus appeared and participated in the deposition of Plaintiff Carey Scott Neal on November 24, 2003. Defendant Olympus also chose not participate in the deposition of Defendant Equifax Information Services LLC on December 1, 2003.

Because Defendant Olympus, by and through counsel, has chosen to conduct discovery of the Plaintiff and refused to participate in discovery, its Motion for

4

Enlargement of Discovery Period and Scheduling Order Deadlines should be denied.

## 3. Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order Deadlines Causes Substantial and Undue Prejudice to Plaintiff and the Other Defendants.

The Plaintiff and Defendants Equifax Information Services LLC and Wilshire Credit Corporation have conducted discovery in accordance with the Federal Rules of Civil Procedure, the Local Rues of Civil Procedure, and this Court's Scheduling Order. Defendant Olympus is the only party in this action that has repeatedly refused to participate in discovery. The Plaintiff and Defendants Equifax Information Services LLC and Wilshire Credit Corporation will be substantially prejudiced because the deadline for filing Motions for Summary Judgment is Monday, December 22, 2003 and the deadline for filing the Consolidated Pre-Trial Order is due on Friday, January 2, 2003. Therefore, Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order Deadlines should be denied.

## 4. Defendant Olympus' Motion for Enlargement of Discovery Period and Scheduling Order Deadlines Was Not Served Upon the Other Defendants in this Action.

Rule 5(a) of the Federal Rules of Civil Procedure provide in pertinent part that every pleading subsequent to the original complaint, unless the court otherwise

orders because of of numerous defendants, every paper relating to discovery and every written motion shall be served upon each of the parties.

This Court has not issued an Order which does not require Defendant Olympus to serve pleadings and motions upon all parties. However, Counsel for Defendant Olympus has repeatedly failed to serve pleadings, motions, and response motions upon the other defendants in this action, in violation of Rule 5 of the Federal Rules of Civil Procedure. Defendant Olympus did not serve a service copy of its Motion for Enlargement of Discovery Period and Scheduling Order Deadlines upon Defendants Equifax Information Services LLC and Wilshire Credit Corporation.

The other defendants in this action have become aware of Defendant Olympus' court filings solely because counsel for the Plaintiff has served its responsive pleadings to all Defendants in this action.

Because Defendant Olympus has failed to properly serve its Motion for Enlargement of Discovery Period and Scheduling Order upon all parties to this action, and because Defendants Equifax Information Services LLC and Wilshire Credit Corporation were not aware of their opportunity to object to Defendant Olympus' Motion until after this Opposition Motion and Brief were file, Defendant Olympus' Motion should be denied.

6

### III. CONCLUSION

For all of the above stated reasons, Defendant Olympus Servicing, L.P.'s Motion for Enlargement of Discovery Period and Scheduling Order Deadlines should be denied.

This 9th day of December, 2003.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By: _____
                Lisa D. Wright
                Attorney for Plaintiff
                Georgia State Bar No. 268781

235 Peachtree Street NE,
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)