ORIGINAL

FILED IN CLERK'S OFFICE
U.S.C. -

DEC 2 2 2003

LUTHER D. ??????, Clerk
By ????? Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CAREY SCOTT NEAL,<br>Plaintiff | )<br>) |
| | ) CIVIL ACTION |
| | ) FILE NO. 1:03-CV-0761-JEC |
| vs. | )<br>) |
| EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>Defendants | )<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST EQUIFAX INFORMATION SERVICES LLC ON THE ISSUE OF LIABILITY

COMES NOW, Plaintiff Carey Scott Neal, by and through undersigned

counsel, and respectfully requests that this Honorable Court grant Judgment in

favor of plaintiff and against Equifax Information Services LLC (hereinafter

"Equifax"), on the issue of Equifax's liability, for willful and/or negligent violation

of the requirements of the Fair Credit Reporting Act, under 15 U.S.C. §§ 1681e(b);

1681h; and 1681i(a), as follows:

1.

Plaintiff's Motion for Summary Judgment Against Equifax Information

1

65

Services LLC on the Issue of Liability is based upon the following: (a) Plaintiff's Complaint & Amended Complaint; (b) the discovery deposition of Equifax's corporate representative, Ms. Alicia Fluellen; and (c) any and all other pleadings and discovery which may be properly considered by the Court when deciding whether or not to grant Plaintiff's Motion for Summary Judgment Against Defendant Equifax on the issue of liability.

2.

Said Complaint, Amended Complaint, depositions, together with the remainder of the pleadings and discovery, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

WHEREFORE PLAINTIFF CAREY SCOTT NEAL PRAYS that this Honorable Court grant Judgment in favor of Plaintiff and against Equifax Information Systems LLC, on the issue of Equifax's liability, for willful and/or negligent violation of the requirements of the Fair Credit Reporting Act.

This 22nd day of December, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____

Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street NE,
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CAREY SCOTT NEAL, | ) |
|     Plaintiff | ) |
| | ) CIVIL ACTION |
| | ) FILE NO. 1:03-CV-0761-JEC |
| vs. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC | ) |
| OLYMPUS SERVICING, L.P., and | ) |
| WILSHIRE CREDIT CORPORATION | ) |
|     Defendants | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and

foregoing PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST

EQUIFAX INFORMATION SERVICES LLC ON THE ISSUE OF LIABILITY

and supporting memorandum, upon opposing counsel, by depositing a copy of same

in the United States Mail with adequate postage thereon for prompt delivery by the

United States Postal service and addressed as follows:

Mr. John J. Friedline
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Mr. Robert E. Mulholland
Savell & Williams
1500 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303

Mr. Scott J. Ryskoski & Mr. Peter Wahby
Greenberg Traurig
600 Galleria Three
13155 Noel Road
Dallas, TX 75240

Mr. Howell A. Hall
Pendergast & Jones, P.C.
115 Perimeter Center Place, Suite 1010
Atlanta, GA 30346

This 22nd day of December, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

5

ORIGINAL

FILED IN CLERK'S OFFICE
'                ' 'enta

DEC 2 2 2003

LUTHER B. THOMAS, Clerk
By: _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CAREY SCOTT NEAL,                      )
    Plaintiff                              )
                             )
                             ) CIVIL ACTION
                             ) FILE NO. 1:03-CV-0761-JEC
vs.                                    )
                             )
EQUIFAX INFORMATION SERVICES LLC       )
OLYMPUS SERVICING, L.P., and           )
WILSHIRE CREDIT CORPORATION            )
    Defendants                             )

### MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AGAINST EQUIFAX INFORMATION SERVICES LLC
### ON THE ISSUE OF LIABILITY

COMES NOW Plaintiff, Carey Scott Neal, by and through undersigned

counsel, and respectfully presents the following law and argument in support of his

motion for summary judgment on the issue of liability of Equifax Information

Services LLC (hereinafter "Equifax"), as follows:

### I. FACTUAL BACKGROUND

Plaintiff applied for credit with various creditors and was repeatedly denied

credit based upon the inaccurate and derogatory data attributed to him by Equifax.

1



The Plaintiff's potential creditors obtained consumer reports ("credit reports") from Equifax which contained inaccurate and misleading information regarding the Plaintiff.

Plaintiff notified Equifax requesting reinvestigation of multiple items in his credit report prepared and issued by Equifax due to the inaccurate and misleading data, pursuant to FCRA, 15 U.S.C. 1681i(a). However, Equifax continued to prepare and issue consumer reports about plaintiff wherein Equifax reported inaccurate credit data of Plaintiff. In doing so, Equifax failed to employ reasonable procedures to assure the maximum possible accuracy of the consumer credit reports it issued about, of and concerning plaintiff in violation of FCRA, 15 U.S.C. §1681e(b).

Equifax personnel advised plaintiff that the inaccurate information in his credit reports had been corrected, when in fact it had not been corrected, in violation of FCRA, 15 U.S.C. § 1681h(c). Equifax continued to report inaccurate and misleading information regarding the Plaintiff into the credit reports it prepared and attributed to plaintiff and issued to third parties to rely upon and use, in violation of FCRA, 15 U.S.C. § 1681i(a).

2

In this case, Equifax created three credit files for the Plaintiff.  One credit file was in the name of "Scott Neal."  The other two credit files were in the name of Carey Neal.  The two Carey Neal credit files should have contained the same accurate information; however, the credit files did not contain the same accurate information regarding the Plaintiff.

After the several requests for reinvestigation of the inaccurate and misleading information the following information remained in the Plaintiff's Carey Neal credit files: one credit file contained accurate Olympus Servicing, L.P. (hereinafter "Olympus") tradeline information and inaccurate information regarding the Wilshire Credit Corporation (hereinafter "Wilshire") tradeline; the second credit file included inaccurate Olympus tradeline information and accurate Wilshire information.

Equifax specifically designed and operates a computer database search and record system which creates multiple credit files for consumers with the same name, social security number, and date of birth without serious regard to variations in those multiple credit files.  Equifax is aware of its defective computer database search and record system which creates multiple credit files for consumers with

3

differing information in each file, but Equifax has chosen to continue to utilize the system despite knowledge that many consumers, including plaintiff will be denied credit and damaged by the false consumer reports the system causes to be prepared, issued, sold and published to third parties, including its subscribers.

Equifax failed to employ and use reasonable procedures to assure the maximum possible accuracy of consumer reports it prepared, issued, sold and published to third parties, including its subscribers and Equifax failed to comply with its obligations under the FCRA.  Equifax failed to maintain reasonable procedures to meet its duties under the FCRA provisions with regard to the preparation and issuance of credit reports, the handling of disputes, the conducting of reinvestigations, and correction of file data.  Equifax's many and varied violations of the FCRA were willful and/or, alternatively, negligent.

## II. STATEMENT OF STANDARD OF REVIEW

Plaintiff requests that this Honorable Court enter summary judgment on the issue of the liability of Equifax in favor of plaintiff.  Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

4

affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  "Rule 56 mandates the

entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish an essential

element of that party's case, and on which that party will bear the burden of proof at

trial." *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).

The movant bears the responsibility of asserting the basis for his motion.

*Celotex*, 477 U.S. at 323; and *APCOA, Inc. v. Fidelity National Bank*, 906 F>2d

610, 611 (11th Cir. 1990).  However, the movant is not required to negate his

opponent's claim.  The movant may discharge his burden merely "showing'…that

is, pointing out to the district court… that there is an absence of evidence to support

the non-moving party's case." *Celotex*, 477 U.S. at 325.  After the movant has

carried his burden, the non-moving party is then required to "go beyond the

pleading" and present competent evidence designating "specific facts showing that

there is a genuine issue for trial." *Id.* at 324.

Summary judgment is appropriate if jury, viewing all facts and any

5

reasonable inferences from facts in light most favorable to nonmoving party, could not reasonably return verdict in that party's favor. *San Pedro v. U.S.*, 79 F.3d 1065 (11th Cir. 1996).

Plaintiff submits that he has presented adequate undisputed facts, through the pleadings, depositions, and answers to interrogatories, supporting a finding that there is no genuine issue as to any material fact to a finding that Plaintiff has proven that Equifax has repeatedly violated the FCRA, in multiple respects, and that Plaintiff is entitled to the entry of a Judgment as a matter of law in accordance with Rule 56 of the Federal Rules of Civil Procedure.

## III.  ARGUMENT AND CITATION OF AUTHORITY
## FAIR CREDIT REPORTING ACT

Plaintiff's Complaint and Amended Complaint seeks to recover damages for Defendant Equifax's violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681e(b), 1681h, and 1681i(a).

The FCRA is designed to protect consumers from inaccurate or arbitrary information in a consumer report and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner. *Hovater v. Equifax, Inc.*, 823 F.2d 413, 417 (11th Cir. 1987); *St. Paul*

*Guardian Ins. Co. v. Johnson*, 884 F.2d 881 (5th Cir. 1989) (Tex.); *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986)(La.); *Nikou v. INB Nat. Bank*, 638 N.E.2d 448 (Ind. App. 5 Dist. 1994). Further, it is fashioned so as to protect the credit worthiness and reputation of every consumer. *Ackerly v. Credit Bureau of Sheridan, Inc.*, 385 F.Supp. 658 (U.S.D.C. Wyo. 1974); *Klapper v. Shapiro*, 586 N.Y.S.2d 846 (N.Y. Sup. 1992). The FCRA was crafted to protect consumers from the transmission of inaccurate information about them. *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995).

The FCRA, like the other portions of the Consumer Credit Protection Act of 1968, is to be liberally construed. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.). It's provisions are to be construed in favor of recovery by the consumer and against the credit reporting agency, user of credit information and other violator. Id. The FCRA is "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax, Inc. v. Federal Trade Comm'n*, 678 F.2d 1047, 1048 (11th Cir.1982), quoting S.Rep. No. 517, 91st Cong., 1st Sess. 1 (1969).

Virtually every credit report is a "consumer report," however not every

"consumer report" will be a "credit report."  Consumer reports encompass any and all written communications from a consumer reporting agency which bear on the credit worthiness, character, credit capacity, etc., of a consumer. *15 U.S.C. 1681, et. seq.*  A "consumer report" is virtually any information communicated by a consumer reporting agency for purposes set forth in the FCRA. *Hoke v. Retail Credit Corp.*, 521 F.2d 1079 (4th Cir. 1975) (N.C.).

The standard credit report contains a vast amount of personal information, trade line (account) information, and public record data.  The report also contains a listing of credit inquiries, who are those persons who have peered into the consumer's file, and "credit scoring," including denial codes/risk factors (which are the credit reporting agencies' factor and evaluation of the consumer's credit data and suggested ostensible reasons to deny credit, etc., if the creditor chose to do so) which is the credit bureau's numerical assessment of the consumer as a credit risk.

**A.**    ***Plaintiff is entitled to Summary Judgment Against Defendant Equifax for its Failure to Comply with FCRA, 15 U.S.C. § 1681e(b).***

Plaintiff's burden under 1681e(b) is as follows: (1) the consumer reporting agency was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate

information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury. _Guimond v. Trans Union Credit Information Co._, 45 F.3d 1329, 1333 (9th Cir. 1995) (Cal.); _Henson v. CSC_, 29 F.3d 280, 284 (7th Cir. 1994); _James J. O'Connor v. Trans Union Corp._, Civil Action No. 97-4633 (U.S.D.C. E.D. Pa. 9/28/99); _Houston v. TRW Info. Services, Inc._, No. 88-CIV-0186, 1989 Westlaw 59850 (S.D.N.Y. 5/2/89).

The standard of accuracy for credit reports embodied in FCRA is an objective measure that should be interpreted in an even-handed manner toward interests of consumers and creditors in fair and accurate reporting. _Cahlin v. GMAC_, 936 F.2d 1151 (11th Cir. 1991) (Fla.); _15 U.S.C. 1681e(b)_. Technical accuracy is not the standard, a consumer report must be accurate to the maximum possible extent. In essence, the trier of fact must weigh potential that information will create a misleading impression against availability of more accurate information and the burden of providing such information. _Alexander v. Moore & Associates, Inc._, 553 F.Supp. 948 (U.S.D.C. Hawaii 1982); _Cisneros v. U.S. Registry, Inc._, 46 Cal.Rptr.2d 233, 39 C.A.4th 548 (Ca. App. 2d Dist. 1995).

Determining accuracy means assessing more than factual truthfulness and requires analyzing the reportings for their potential to mislead. This factor must be weighed against the availability of more accurate information and the burden of producing such information. *Alexander v. Moore and Associates, Inc.*, 553 F.Supp. 948 (U.S.D.C. Haw. 1982); *Koropoulos v. The Credit Bureau, Inc.*, 734 F.2d 37 (D.C. Cir. 1984).

Reasonableness of a defendant's behavior and procedures are assessed by balancing "the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Jones v. Credit Bureau of Garden City, Inc.*, 703 F.Supp. 897 (U.S.D.C. Kan. 1988).

The "ability to report on the credit habits of its customers is a powerful tool designed, in part, to wrench compliance with payment terms from its cardholder." Thus, like its symbiotic customers, a credit reporting agency's "refusal to correct mistaken information can only be seen as an attempt to tighten the screws on a non-paying customer." Miranda-Rivera v. Bank One, 145 F.R.D. 614, 1993 Westlaw 30681 (U.S.D.C. Puerto Rico 1993); "*Credit Cards In America*," *The John Marshall Journal of Computer and Information Law*, John Marshall Law School

Law Review, Chicago, Illinois, Vol. XIII, Issue 4, pp.573-584 (Summer, 1995).

1.   **Defendant Equifax was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report.**

Equifax maintained three credit files for the Plaintiff: two in the name of Carey Neal and then one in the name of Scott Neal. Equifax testified that its procedure is to notify the consumer of all credit files Equifax has on them.

On September 3, 2002, Equifax received a request for investigation of inaccurate information in the Plaintiff's credit report. On September 4, 2002, Equifax completed an investigation of disputed information concerning the Plaintiff in his credit file. Equifax received a document which stated the Olympus late payments could be removed from the Plaintiff's credit file. After this investigation was completed, the revised credit file was sent to the Plaintiff. Plaintiff only received notification regarding one of the credit files which Equifax maintained on the Plaintiff, he did not receive notification regarding all three credit files. Only one of the Plaintiff's credit files was updated on September 4, 2002. The other two credit files were not updated.

On November 19, 2002, Equifax received another request for investigation. This request for was for a reinvestigation of the Wilshire account reporting on the

11

Plaintiff's credit report.  On November 21, 2002, Equifax completed its reinvestigation and notified the Plaintiff that the prior paying history from the Wilshire account had been deleted.

On November 22, 2002, Equifax began and completed another reinvestigation of the Wilshire account information contained in the Plaintiff's credit report.  Equifax then reported to the Plaintiff that there were no late payments on the Wilshire credit account because there were not any.

On November 26, 2002 Equifax received the following notification from a credit grantor: "****This (Olympus Servicing LP) was corrected by Equifax Rapid Resolve back in August.  Now it is showing again.  Also, he has two files under Carey Neal and Scott Neal.  Please combine so we can get an accurate score***".  However, Equifax did not combine the Plaintiff's credit file in response to this request.

On December 2, 2002, Plaintiff telephoned Equifax to dispute the information reported in the Olympus tradeline, specifically that a late payment history was reporting on his credit reports.

On the Plaintiff's March 11, 2003 credit report, Equifax reported the

Wilshire Credit Corporation account a zero account balance and a 30-day late payment. However, Equifax had previously notified the Plaintiff that the prior paying history had been deleted from the Wilshire account.

On the Plaintiff's March 26, 2003 credit report, Equifax reported for the Wilshire account "not more than two payments past due."

Equifax testified to the following "when Equifax splits a credit file, its done manually. A person is doing it. They are to remove the duplicates so that when new reporting comes in via tape it's to go to the one that is already there. It doesn't appear that this was done for Carey Neal. That's why we've got duplicates."

Equifax's corporate representative went on to further testify that their policy is to combine consumer credit files if it can be done and that there is no sense in having a consumer with two different files needlessly; and that it did not seem possible that Equifax would have been able to successfully combine the Plaintiff's credit files. However, after this lawsuit was filed, one complete credit file was created for the Plaintiff.

Despite the fact that Equifax sent the Plaintiff notifications that the prior late payment histories on the Olympus and Wilshire accounts had been deleted, Equifax

13

continued to issue credit reports reporting late payments for those accounts.

The evidence clearly supports the finding that Equifax acted willfully and/or negligently in failing to follow reasonable procedures to assure the accuracy of its credit report regarding the Plaintiff. Equifax knew it had three credit files for the Plaintiff and failed to follow procedures to ensure the accuracy of all credit files it maintained for the Plaintiff.

### 2.    Defendant Equifax reported inaccurate information about the Plaintiff.

Equifax notified the Plaintiff on September 4, 2002 that the inaccurate information concerning the Olympus credit account had been deleted from his credit file; however, Equifax continued to issue and publish inaccurate late payment information on the Olympus account.

Equifax notified the Plaintiff on November 21, 2002 that the inaccurate information concerning the Wilshire credit account had been deleted from his credit file; however, Equifax continued to issue and publish inaccurate late payment information on the Wilshire account.

On the Plaintiff's March 11, 2003 credit report, Equifax reported the Wilshire Credit Corporation account a zero account balance and a 30-day late

14

payment.  However, Equifax had previously notified the Plaintiff that the prior paying history had been deleted from the Wilshire account.

In September 2002, October 2002, and November 2002, Equifax issued credit reports reporting the Plaintiff's Olympus account inaccurately as one 30-day late payment, one 60-day late payment and two times 90-days late.  On the Plaintiff's March 26, 2003 credit report, Equifax reported for the Wilshire account "not more than two payments past due."  Equifax continued to report inaccurate information regarding the plaintiff, in spite of the fact that it had been repeatedly notified of the inaccuracies.

### 3.    The Plaintiff was injured due to Equifax's negligence.

In August 2002 and November 2002, Am Trust requested Plaintiff's consumer credit report from Equifax and Equifax prepared, issued, sold and published a false consumer report about the plaintiff to its subscriber, Am Trust. As a result of the false consumer report, Plaintiff was denied credit.  On November 20, 2002, Am Trust requested a second consumer credit report from Equifax and Equifax again prepared, issued, sold and published a false consumer report about the Plaintiff to Am Trust.

On February 12, 2003, Omni National Bank requested Plaintiff's consumer credit report from Equifax and Equifax prepared, issued, sold and published a false consumer report about the plaintiff to its subscriber, Omni Trust.  As a result of the false consumer report, Plaintiff was denied credit.

Equifax's negligence in failing to follow reasonable procedures to ensure the accuracy of the Plaintiff's credit report was the proximate cause of the Plaintiff's injuries.

**B.**      ***Plaintiff is entitled to Summary Judgment Against Defendant Equifax for its Failure to Comply with FCRA, 15 U.S.C. § 1681h(c).***

The credit reporting agency shall provide trained personnel to explain to the consumer any information furnished to him pursuant to the Act. Jones v. Credit Bureau of Garden City, Inc., 703 F.Supp. 897, 901 (D. Kan. 1988).  The burden is on the consumer to establish that a credit reporting agency's procedures for training or disclosure are deficient, pursuant to 15 U.S.C. § 1681h(c). Id. at 901.

Equifax's representatives failed to notify the Plaintiff that he had three credit files.  On September 4, 2002, an Equifax representative sent a written notification to the Plaintiff stating that the Olympus derogatory information had been deleted; however, the Equifax representative failed to communicate to the Plaintiff that this

information was deleted from only one of his credit files and that the other two credit files which existed for the Plaintiff may contain inaccurate information. Because Equifax has failed to train its personnel on its policies and procedures for communicating credit information to consumers with multiple credit files, Equifax has not complied with the requirements under FCRA, 15 U.S.C. § 1681h(c) and is therefore liable to the Plaintiff for the damages he has suffered.

**C.** *Plaintiff is entitled to Summary Judgment Against Defendant Equifax for its Failure to Comply with FCRA, 15 U.S.C. § 1681i.*

Section 1681i(a) requires a consumer reporting agency to investigate and delete inaccurate or unverifiable information disputed by a consumer within a "reasonable time" from receipt of a dispute or notice of error. ***Stevenson v. TRW, Inc.***, 987 F.2d 288, 292 (5th Cir. 1993).

Equifax failed to comply with the reinvestigation requirements in that it failed to investigate and correct all credit files which it associated with the Plaintiff. Equifax failed to fully and adequately investigate the three credit files it maintained for the Plaintiff. Equifax continually reported inaccurate and misleading information in the credit reports it issued to subscribers, despite the fact that it had received numerous requests for reinvestigation and had reported to the Plaintiff that

17

the inaccurate information was deleted.  Because Equifax failed to comply with the

requirements of 15 U.S.C. § 1681i, the Plaintiff is entitled to Summary Judgment

on the issue of liability against Defendant Equifax.

**D.**     ***Plaintiff is entitled to Damages for Defendant Equifax's Willful and/or Negligent Failure to Comply with the FCRA.***

The requirement that the consumer sustain some injury to establish a cause of

action is triggered when the consumer reporting agency issues an erroneous reports

to an institution with whom the consumer was (is) dealing. *Hyde v. Hibernia Nat.*

*Bank in Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988), cert. denied, *Credit Bureau*

*Services - New Orleans v. Hyde*, 109 S.Ct. 3199, 491 U.S. 910, 105 L.Ed.2d 706.  If

consumer proves malice or willful intent to injure then injury to consumer is

presumed and damages are presumed. *Rasor v. Retail Credit Co.*, 87 Wash.2d 516,

554 P.2d 1041.

Plaintiff has sustained injuries due to the erroneous reports prepared and

issued by Equifax to its subscribers.  Therefore, Plaintiff has clearly established a

cause of action against Equifax.

The FCRA describes violations of the Act as negligent or willful.  While the

courts have routinely adopted the plain language meaning of "negligent," the courts

have not been so clear about what "willful" means.

The FCRA is to be liberally construed and in favor of the consumer and recovery by the consumer. The FCRA was crafted to protect consumers, not credit reporting agencies, from the transmission of inaccurate information about them. *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995); *Wilson v. Rental Research Services, Inc.*, 165 F.3d 642, 643 (8th Cir. 1998). It is to be liberally construed. *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881 (5th Cir. 1989) (Tex.); *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986) (La.); *Hovater v. Equifax, Inc.*, 823 F.2d 413, 417 (11th Cir. 1987); *Nikou v. INB Nat. Bank*, 638 N.E.2d 448 (Ind. App. 5 Dist. 1994); *Ackerly v. Credit Bureau of Sheridan, Inc.*, 385 F.Supp. 658 (U.S.D.C. Wyo. 1974); *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.).

To be in willful non-compliance with the FCRA, a defendant must have knowingly and intentionally committed an action or inaction in conscious disregard for the rights of others. Proof of malice or evil motive is not necessary. *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *Pinner v. Schmidt*, 805 F.2d 1258,

1263 (5th Cir. 1986); *Fischl v. GMAC*, 708 F.2d 143, 151 (5th Cir. 1983); *Jones v. Credit Bureau of Huntington, Inc.*, 703 F.Supp. 897 (U.S.D.C. Kan. 1988).

In this action, Equifax knowingly and intentionally failed to communicate to the Plaintiff that Equifax maintained three credit files for him. Equifax knowingly and intentionally failed to update the inaccurate information in each of the three credit files it maintained on the Plaintiff. Equifax consciously disregarded its internal information regarding the Plaintiff's three credit files, and continued to report inaccurate information concerning the Plaintiff.

In *Millstone v. O'Hanlon Reports, Inc.*, 528 F.2d 829, 834 (8th Cir. 1976), the Eighth Circuit upheld an award of punitive damages where the credit reporting agency acted to mislead the consumer about the contents of his credit file and flatly refused to reveal the contents of the credit file. The court noted that defendant sought to block plaintiff in his attempt to secure the rights given to him by the FCRA. Not only did defendant delay and mislead plaintiff on the occasion of his first request for disclosure, but it even did so on a second and third occasion...."

Plaintiff must show more than "that the consumer reporting agency failed to investigate adequately and correct information contained in a consumer report."

*Matise v. Trans Union Corp.*, 1998 Westlaw 872511 at p.6 (U.S.D.C. N.D. Tex. 1998).

Of course, here, Neal shows a whole host of terrible acts by Equifax. Plaintiff Neal respectfully suggests that he has met that burden and done so, in large part, through Equifax's own testimony and documents.  Equifax cannot be permitted to contrive a different outcome. Equifax failed to notify the Plaintiff that he had three credit files.  Plaintiff had no method of knowing that Equifax maintained three credit files for him.

"(T)o show willful noncompliance with the FCRA, (the consumer) must show that (the credit agency) 'knowingly and *intentionally committed an act in conscious disregard for the rights of others,' but need not show 'malice or evil motive.*'" Cushman, 115 F.3d 220, 226 (3d Cir. 1997) (citing Philbin, 101 F.3d at 970).  In *Cushman*, the Third Circuit held that only defendants who have engaged in actions "*on the same order* as willful concealments or misrepresentations" have committed a willful violation for FCRA purposes, and are subject to punitive damages under 1681n. Cushman, 115 F.3d  at 227.  To justify an award of punitive damages, O'Connor must prove that Trans Union adopted its reinvestigation policy

21

either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights." *James J. O'Connor v. Trans Union Corp.*, Civil Action No. 97-4633 (U.S.D.C. E.D. Pa. 9/28/99). Reckless disregard connotes that the speaker entertained actual doubt about the truth of the statement. *Wiggins v. Equifax Services. Inc.*, 848 F. Supp. 213, 223 (D.D.C. 1993).

Plaintiff must merely show direct or circumstantial evidence of willful misconduct or actions. Plaintiff need not produce a "smoking gun" or any other form of definitive proof of the defendant's intent or conscience. *Whitesides*, supra; *Cushman v. Trans Union Corp.*, 920 F.Supp. 80, 84 (U.S.D.C. E.D Pa. 1996). The trier of fact may deduce it from the surrounding circumstances. Id. In *Cushman*, the court found it adequate that plaintiff "had twice informed the consumer reporting agency of inaccuracies within her credit report; however, the consumer reporting agency failed to take action." The court concluded that a jury could reasonably conclude that the defendant's conduct was willful. Id.

Punitive damages may be awarded for willful violation of any provision of the FCRA and malice, intent, scienter, or evil motive need not be proven. *Thornton*

22

*v. Equifax, Inc.*, 619 F.2d 700 (8th Cir. 1980); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986)(La.); *Boothe v. TRW Credit Data*, 768 F.Supp. 434 (U.S.D.C. S.D. N.Y. 1991); *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F.Supp. 972 (U.S.D.C. M.D. Fla. 1985); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W.Va. 1990); *Nitti v. Credit Bureau of Rochester, Inc.*, 84 Misc.2d 277, 375 N.Y.S.2d 817; *Trans Union Corporation v. Crisp*, 896 S.W.2d 446 (Ark. App. 1995). A reckless indifference to plaintiff's rights under the Fair Credit Reporting Act ("FCRA") will justify an award of punitive damages. *Collins v. Retail Credit Co.*, 410 F.Supp. 925 (U.S.D.C. E.D. Mich. 1987).

The Plaintiff has been denied credit because of the inaccurate and misleading information published by Equifax to its subscribers. Equifax knowingly failed to update and correct the disputed and inaccurate information in all of the Plaintiff's credit files. Equifax never revealed to the Plaintiff that he had three credit files. Equifax consciously disregarded the Plaintiff's rights under the FCRA. Therefore, the Plaintiff is entitled to Summary Judgment on the issue of liability against Defendant Equifax and the Plaintiff is entitled to punitive damages, in an amount

determined by the enlightened conscious of a jury.

## IV.  CONCLUSION

Plaintiff respectfully asserts that Equifax has violated the FCRA mandates under 1681e(b) by repeatedly issuing consumer credit reports about plaintiff which contained gross inaccuracies absent reasonable procedures to avoid such violations. Defendant Equifax knew that it had two credit files for the Plaintiff, but failed to ensure that both credit files contained accurate information regarding the Plaintiff's credit history.  Equifax violated its personnel training duties, under 1681h(c). Further still, Equifax violated its reinvestigation duties, under 1681i(a), on multiple occasions and, like violations under 1681e(b), each is a separate and distinct violation of the FCRA.  Plaintiff seeks summary judgment finding these violations were willful, in all or part, and as to any not deemed willful, alternatively, that those be deemed negligent violations on each count.

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that this Motion for Default Judgment and Brief In Support have been prepared with Times New Roman – 14 Point, the font and point selections approved by this Court in Local Rule 5.1B.

24

This 22nd day of December, 2003.

                  Respectfully submitted,

                  LAW OFFICE OF LISA D. WRIGHT, LLC

                  By: _____
                      Lisa D. Wright
                      Attorney for Plaintiff
                      Georgia State Bar No. 268781

235 Peachtree Street NE,
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CAREY SCOTT NEAL,<br>    Plaintiff | )<br>)<br>) CIVIL ACTION<br>) FILE NO. 1:03-CV-0761-JEC |
| vs. | )<br>) |
| EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>    Defendants | )<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and

foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR

SUMMARY JUDGMENT AGAINST EQUIFAX INFORMATION SERVICES

LLC ON THE ISSUE OF LIABILITY, upon opposing counsel, by depositing a

copy of same in the United States Mail with adequate postage thereon for prompt

delivery by the United States Postal service and addressed as follows:

Mr. John J. Friedline
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Mr. Robert E. Mulholland
Savell & Williams
1500 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303

Mr. Scott J. Ryskoski & Mr. Peter Wahby
Greenberg Traurig
600 Galleria Three
13155 Noel Road
Dallas, TX 75240

Mr. Howell A. Hall
Pendergast & Jones, P.C.
115 Perimeter Center Place, Suite 1010
Atlanta, GA 30346

This 22nd day of December, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By

Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

27

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 2 2 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

CAREY SCOTT NEAL,                    )
    Plaintiff                        )
                                     )
                                     ) CIVIL ACTION
                                     ) FILE NO. 1:03-CV-0761-JEC
vs.                                  )
                                     )
EQUIFAX INFORMATION SERVICES LLC     )
OLYMPUS SERVICING, L.P., and         )
WILSHIRE CREDIT CORPORATION          )
    Defendants                       )

**PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS**

COMES NOW Plaintiff Carey Scott Neal, and files the following Statement

of Material Facts, none of which are disputed.

1.

Plaintiff's Complaint seeks to recover damages as a result of Defendant

Equifax Information Services LLC (hereinafter "Equifax") violations of the Fair

Credit Reporting Act, 15 U.S.C. 1681 *et seq.* (Plaintiff's Complaint).

2.

Plaintiff communicated with Equifax to dispute the information reported in

the Olympus tradeline and the Wilshire tradeline. (Fluellen depo. - pp. 48).

I

65

3.

Equifax had three credit files for the Plaintiff: two in the name of Carey Neal and then one in the name of Scott Neal. (Fluellen depo. – pp. 59).

4.

Equifax's procedure is to disclose to the consumer all of the credit files they have on the consumer. (Fluellen depo. – pp. 60-61).

5.

On September 3, 2002, Equifax received a request that updated information regarding the Olympus tradeline be inserted into the Plaintiff's credit file. (Fluellen depo. - pp. 50).

6.

On September 4, 2002, Equifax completed the investigation of disputed information concerning the Plaintiff in his credit file. (Fluellen depo. - pp. 50).

7.

On September 4, 2002, Equifax received a document which stated the (Olympus) late payments could be removed from the Plaintiff's credit file. (Fluellen depo. - pp. 54).

8.

A copy of the revised credit file, which removed the Olympus late payments,

was sent to the consumer in regards to this (September 4, 2002) investigation. (Fluellen depo. I – pp. 57).  This revised credit file was for only one of the Plaintiff's Equifax credit files.  (Fluellen depo. – pp. 67).

9.

*Only one of the Plaintiff's credit files* was updated on September 4, 2002. (Fluellen depo. – pp. 68).

10.

On November 19, 2002, Equifax received another request for investigation. (Fluellen depo. – pp. 57-58).

11.

 The November 19, 2002 request for reinvestigation of information concerning the Plaintiff was regarding the late payments on the Wilshire account. (Fluellen depo. – pp. 69).

12.

On November 21, 2002 Equifax completed its November 19, 2002 reinvestigation of the Wilshire tradeline and reported to the Plaintiff that the prior paying history had been deleted from the account.  (Fluellen depo. – pp. 70).

13.

On November 22, 2002, Equifax received and completed another

investigation of the Wilshire account. Equifax reported to the Plaintiff that there were no late payments reporting on the account because there were not any. (Fluellen depo. – pp. 73).

<div align="center">14.</div>

On November 26, 2002. Equifax received the following notification from a credit grantor regarding the Olympus tradeline: "This (Olympus Servicing) was corrected by Equifax Rapid Resolve back in August.  Now it is showing again.  Also, he has two files under Carey Neal and Scott Neal.  Please combine so we can get an accurate score."  (Fluellen depo. – pp. 79).

<div align="center">15.</div>

On December 2, 2002, Plaintiff telephoned Equifax to dispute the information reported in the Olympus tradeline, specifically that a late payment history was reporting on his credit reports. (Fluellen depo. – pp. 85).

<div align="center">16.</div>

On the Plaintiff's March 11, 2003 credit file, Equifax reported the Wilshire Credit Corporation account a zero account balance and a 30-day late payment. (Fluellen depo. – pp. 105).

<div align="center">17.</div>

On the Plaintiff's March 26, 2003 credit report, Equifax reported for the

<div align="center">4</div>

Wilshire account "not more than two payments past due." (Fluellen depo. – pp. 106).

<div align="center">18.</div>

In September 2002, October 2002, and November 2002, Equifax reported the Plaintiff's Olympus account inaccurately as one 30-day late payment, one 60-day late payment and two times 90-days late. (Fluellen depo. – pp. 175).

<div align="center">19.</div>

Sometimes duplicate information is reported when a consumer has two credit files. It is Equifax's procedure for agents to peruse both files to ensure that they address the duplicates. (Fluellen depo. – pp. 100).

<div align="center">20.</div>

When Equifax splits a credit file, it's done manually. A person is doing it. They are to remove the duplicates so that when new reporting comes in via tape it's to go to the one that is already there. It doesn't appear that this was done for Carey Neal. That's why we've got duplicates. (Fluellen depo. – pp. 179).

<div align="center">21.</div>

Equifax's policy is to combine consumer credit files if it can combine them. There is no sense in having a consumer with two different files needlessly. But if you really cannot do it, then the request is not going to be granted. And looking at

<div align="center">5</div>

the length of this credit file, it doesn't seem possible that they would have been able to successfully combine the credit files. (Fluellen depo. – pp. 80).

<div align="center">22.</div>

Post filing of this lawsuit, one credit file was created for Mr. Neal. (Fluellen deop. – pp. 80).

<div align="center">23.</div>

On November 20, 2002, Am Trust requested Plaintiff's consumer credit report from Equifax and Equifax prepared, issued, sold and published a consumer report to Am Trust about the plaintiff which included that the Plaintiff had been late on his Olympus account one time 30 days late; one time 60 days late; and two times 90 days late. (Fluellen depo. – pp. 178).

<div align="center">24.</div>

On November 20, 2002, Am Trust made a second request for Plaintiff's consumer credit report from Equifax and Equifax prepared, issued, sold and published a consumer report to Am Trust about the plaintiff which included that the Plaintiff had been late on his Olympus account one time 30 days late; one time 60 days late; and two times 90 days late. (Fluellen depo. – pp. 178).

This 22nd day of December, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE, Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CAREY SCOTT NEAL,<br>    Plaintiff | )<br>) |
| | ) CIVIL ACTION |
| | ) FILE NO. 1:03-CV-0761-JEC |
| vs. | )<br>) |
| EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>    Defendants | )<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and

foregoing PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS,

upon opposing counsel, by depositing a copy of same in the United States Mail

with adequate postage thereon for prompt delivery by the United States Postal

service and addressed as follows:

Mr. John J. Friedline
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Mr. Robert E. Mulholland
Savell & Williams
1500 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303

Mr. Scott J. Ryskoski & Mr. Peter Wahby
Greenberg Traurig
600 Galleria Three
13155 Noel Road
Dallas, TX 75240

Mr. Howell A. Hall
Pendergast & Jones, P.C.
115 Perimeter Center Place, Suite 1010
Atlanta, GA 30346

  This 22nd day of December, 2003.

       Respectfully submitted,

       LAW OFFICE OF LISA D. WRIGHT, LLC

       By: _____
        Lisa D. Wright
        Attorney for Plaintiff
        Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

N O T I C E
- - - - - -

To:  Lisa Dionne Wright, Esq.
     Law Office of Lisa D. Wright
     Suite 888
     235 Peachtree Street NE
     Atlanta, GA  30303


December 22, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

Carey Scott Neal,

                 plaintiff                 CIVIL ACTION

         v.                                NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                 defendant


           NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
           --------------------------------------------

     On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.   Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.   Id. at 519.   See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.   Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by af-fidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

                              Luther D. Thomas, Clerk
                              United States District Court
                              Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  John J. Friedline, Esq.
     Kilpatrick Stockton
     Suite 2800
     1100 Peachtree Street
     Atlanta, GA  30309-4530



December 22, 2003


                    UNITED STATES DISTRICT COURT
                            for the
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

Carey Scott Neal,

                   plaintiff                  CIVIL ACTION

          v.                                  NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                   defendant


             NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
             ---------------------------------------------

        On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

        Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.   Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.   Id. at 519.   See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.    Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by affidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Robert Edward Mulholland, Esq.
     Savell & Williams
     1500 The Equitable Building
     100 Peachtree Street
     Atlanta, GA  30303



December 22, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                  NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION


Carey Scott Neal,

                 plaintiff                      CIVIL ACTION

          v.                                    NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                 defendant


          NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
          ---------------------------------------------


     On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.   Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.   Id. at 519.   See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.   Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by af-fidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

                              Luther D. Thomas, Clerk
                              United States District Court
                              Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Scott Andrew Wandstrat, Esq.
     Savell & Williams
     1500 The Equitable Building
     100 Peachtree Street
     Atlanta, GA  30303



December 22, 2003


                    UNITED STATES DISTRICT COURT
                            for the
                  NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

Carey Scott Neal,

                 plaintiff                    CIVIL ACTION

          v.                                  NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                 defendant


          NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
          - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


     On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

<div style="margin-left:50%">

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

</div>

Copies to counsel of record

N O T I C E
- - ~ - - -

To:  Scott J. Ryskoski, Esq.
     Greenberg Traurig
     600 Three Galleria Tower
     13155 Noel Road
     Dallas, TX  75240


December 22, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

Carey Scott Neal,

               plaintiff                    CIVIL ACTION

        v.                                  NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

               defendant


            NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
            --------------------------------------------

        On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

        Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.   Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.   Id. at 519.   See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.   Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by affidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:   Peter S. Wahby, Esq.
      Greenberg Traurig
      600 Three Galleria Tower
      13155 Noel Road
      Dallas, TX  75240



December 22, 2003




                 UNITED STATES DISTRICT COURT
                          for the
                 NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


Carey Scott Neal,

                  plaintiff              CIVIL ACTION

          v.                             NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                  defendant


          NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
          --------------------------------------------


       On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

       Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.   Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.   Id. at 519.   See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.    Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by af-fidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

NOTE
NOTE

N O T I C E
- - - - - -


To:  Howell Alexander Hall, Esq.
     Pendergast & Jones
     South Terraces, Suite 1010
     115 Perimeter Center Place
     Atlanta, GA  30346


December 22, 2003


                  UNITED STATES DISTRICT COURT
                            for the
                  NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION


Carey Scott Neal,

                 plaintiff                  CIVIL ACTION

            v.                              NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                 defendant


          NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
          ---------------------------------------------


      On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

      Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.  Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.  Id. at 519.  See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.  Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by affidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  James P. Blum, Esq.
     Pendergast & Jones
     South Terraces, Suite 1010
     115 Perimeter Center Place
     Atlanta, GA  30346


December 22, 2003


                  UNITED STATES DISTRICT COURT
                           for the
                  NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


Carey Scott Neal,

                plaintiff                    CIVIL ACTION

          v.                                 NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                defendant


            NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
       -------------------------------------------------


     On 12/22/03, Carey Scott Neal,

filed a motion for  summary judgment in this Court, case document

number 65.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

                                        Luther D. Thomas, Clerk
                                        United States District Court
                                        Northern District of Georgia

Copies to counsel of record