ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 2 2 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CAREY SCOTT NEAL,  )
   Plaintiff  )
                ) CIVIL ACTION
                ) FILE NO. 1:03-CV-0761-JEC
vs.  )
                )
EQUIFAX INFORMATION SERVICES LLC  )
OLYMPUS SERVICING, L.P., and  )
WILSHIRE CREDIT CORPORATION  )
   Defendants  )

## PLAINTIFF'S NOTICE OF FILING OF ORIGINAL DISCOVERY

COMES NOW Plaintiff, Carey Scott Neal, and hereby gives notice of the filing of the original discovery, including:

1. Equifax's First Set of Interrogatories to Plaintiff; and

2. Plaintiff's Responses to Equifax's First Set of Interrogatories and Request for Production of Documents to Plaintiff.

This 22nd day of December, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____
    Lisa D. Wright
    Attorney for Plaintiff
    Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CAREY SCOTT NEAL,<br>　　　Plaintiff | )<br>) |
| | ) CIVIL ACTION<br>) FILE NO. 1:03-CV-0761-JEC |
| vs. | )<br>) |
| EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>　　　Defendants | )<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and

foregoing PLAINTIFF'S NOTICE OF FILING OF ORIGINAL DISCOVERY,

upon opposing counsel, by depositing a copy of same in the United States Mail

with adequate postage thereon for prompt delivery by the United States Postal

service and addressed as follows:

Mr. John J. Friedline
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Mr. Robert E. Mulholland
Savell & Williams
1500 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303

Mr. Scott J. Ryskoski & Mr. Peter Wahby
Greenberg Traurig
600 Galleria Three
13155 Noel Road
Dallas, TX 75240

Mr. Howell A. Hall
Pendergast & Jones, P.C.
115 Perimeter Center Place, Suite 1010
Atlanta, GA 30346

This 22nd day of December, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CAREY SCOTT NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:03-CV-761-JEC |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, OLYMPUS | ) | |
| SERVICING, L.P., WILSHIRE | ) | |
| CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## EQUIFAX'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant

Equifax , hereby serves upon plaintiff Carey Scott Neal, the following

interrogatories, which must be answered by plaintiff separately and fully in writing,

under oath, within thirty (30) days after service.

## DEFINITIONS

The following definitions shall apply to these interrogatories:

1.     The word "document" or "documents" includes any writing and any

other medium, including but not limited to electronic or magnetic devices, by

which information is transmitted or recorded.

    2.     The word "person" means any natural or artificial person, including business entities and other legal entities.

    3.     The word "Equifax" refers to defendant Equifax and any of its officers, directors, agents, or representatives, present or past.

    4.     The words "plaintiff," "you" or "your" refer to the persons named above to whom these interrogatories are directed and any of plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of plaintiff.

    5.     The word "Complaint" refers to your petition for damages, and any supplement or amendment thereto.

    6.     The term "credit report" refers to the report or reports on your credit history compiled or issued by Equifax or another credit reporting agency.

## INTERROGATORIES

### Interrogatory No. 1:

Identify, including name, address, and telephone number, all persons who have personal knowledge of any of the facts, events, or matters alleged in your Complaint, and describe generally the matters on which the persons named have knowledge.

### Interrogatory No. 2:

State your full name, any nicknames, derivatives or abbreviations of your full name, or other names, including any aliases, that you have used and the instances or periods during which each name was used; Social Security numbers (and, if more than one, state when each Social Security number was obtained and used); and every address you have had for the past five (5) years, including the date you resided at each address; if you are or ever have been married, state the name of your spouse or spouses.

**Interrogatory No. 3:**

Describe your work history, including your present occupation and business address, and each job and business address you have had during the past five (5) years, including the dates you had each job.

**Interrogatory No. 4:**

Identify and describe every contact or communication you have had with Equifax from 2001 to the present. For each such contact or communication, state whether the communication was written or oral, and identify the date, circumstances, and individuals involved, and identify any documents that refer or relate to any such contacts or communications.

**Interrogatory No. 5:**

Describe all damages which you contend you suffered as a result of Equifax's actions alleged in the Complaint, including the nature of each item of damages, the amount of each item of damages, the date each item of damages occurred, how each item of damages was computed, and all facts which form the basis of your contention that Equifax caused the item of damages.  Identify all documents evidencing, referring or relating to the foregoing and the custodian and location of each such document.  Be specific as to any claims for damage to your reputation.

**Interrogatory No. 6:**

Describe any and all physical manifestations and any medical treatment received as a result of your suffering from damages to your reputation. Identify all persons having knowledge of your injuries, all documents evidencing, referring or relating thereto and the custodian and location of each such document.

**Interrogatory No. 7:**

Identify and describe any and all attempts, whether successful or not, to obtain credit since 2001. If you were denied credit, state specifically all reasons given for such denial.

**Interrogatory No. 8:**

Identify and describe any and all attempts, whether successful or not, to obtain employment since 2001. If you were denied employment, state specifically all reasons given for such denial.

**Interrogatory No. 9:**

Do you contend that you or your agents or attorneys, from 2001 to the date you filed suit, notified Equifax orally or in writing that your consumer report or file contained an inaccuracy, error or incorrect information? If yes, answer the following:

(a)    describe in detail the nature of the alleged inaccuracy, error or incorrect information;

(b)    state the date and method of such notification;

(c)    identify the person who communicated such notification and the Equifax employee to whom the notification was made; and

(d)     identify all documents which refer to facts or information provided in your answers to subparts (a)-(c) above, including all documents which demonstrate or establish that the alleged information was/is inaccurate.

**Interrogatory No. 10:**

List all accounts, including account number and dates of appearance, which you allege did not belong to you, are inaccurately reporting, or were incorrectly placed on your Equifax credit file.

**Interrogatory No. 11:**

Do you contend that the damages suffered by the plaintiff were directly and proximately caused by the willful, wanton, and malicious actions of Equifax?  If so, set forth all the facts that support these contentions.

**Interrogatory No. 12:**

Identify and describe all communications that you have made with the creditor defendants regarding the debts at issue in this matter.

This 17th day of July, 2003.

Respectfully submitted,

By: _____

John J. Friedline
GA Bar No.: 277505
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Ste. 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555


Attorneys for Defendant Equifax
Information Services LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day caused a true and correct copy of the within and foregoing **EQUIFAX'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** to be served by U.S. mail with sufficient postage affixed to ensure delivery as follows:

Lisa D. Wright
400 Galleria Pkwy #1500
Atlanta, GA  30339

Robert E. Mulholland
Savell & Williams
1500 The Equitable Bldg
100 Peachtree Street
Atlanta, GA  30303

Scott J. Ryskoski
Larson King
600 Galleria Three
13155 Noel Rd
Dallas, TX  75240

Howell A. Hall
Pendergast & Blum
115 Perimeter Center Place, Ste. 1010
Atlanta, GA  30346

This 17th day of July, 2003.

KILPATRICK STOCKTON LLP

John J. Friedline

- 11 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CAREY SCOTT NEAL, | ) |
| Plaintiff | ) |
| | ) CIVIL ACTION |
| | ) FILE NO. 1:03-CV-0761-JEC |
| vs. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC | ) |
| OLYMPUS SERVICING, L.P., and | ) |
| WILSHIRE CREDIT CORPORATION | ) |
| Defendants | ) |

**PLAINTIFF'S RESPONSES TO EQUIFAX'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF**

COMES NOW, the Plaintiff, Carey Scott Neal, by and through counsel, and

pursuant to §§9-11-26 and 9-11-34 of the Georgia Civil Procedure Act and hereby

responds as follows to the Defendant Equifax's First Interrogatories and Requests

for Production of Documents to Plaintiff, heretofore filed in this case, without in

any way waiving or intending to waive, but on the contrary intending to reserve

and reserving:

      (a)    All questions and objections as to competency, relevancy, materiality,

            privilege admissibility as evidence for any purpose in any subsequent

1

proceeding in, or the hearing of this action, of any of these answers or the subject matter thereof;

(b)     The right to object to the use of any of said answers, or the subject matter thereof, in any subsequent proceeding, in or the hearing of this action, on any grounds;

(c)     The right to object on any grounds or at any time to demand for further response to these or other discovery documents or other discovery procedures involved or related to the subject matter of the requests for admissions herein answered; and

(d)     The right at any time, to revise, correct, add to or clarify any of said answers propounded herein.

## INTERROGATORIES

Responses are as follows:

1.

Plaintiff, Carey Scott Neal. Mr. Neal should be contacted through counsel. Plaintiff's Wife, Lisa Neal, 201 Silo Lane, Lavonia, Georgia 30553. Ms. Neal does not have a home telephone number and should be contacted through counsel for the Plaintiff. She is aware of the financial losses the Plaintiff has suffered as a result of the issues detailed in the Complaint.

Stephanie (last name unknown), employee with the real estate closing law firm of Kane, Thomas & Brown. Stephanie assisted Mr. Neal with contacting Defendants Olympus and Wilshire regarding his timely payoff of the mortgage loans which were reported as delinquent on his consumer report. Telephone 770-591-5200.

Mr. CC Evans of United Community Bank. Mr. Evans was a loan officer which denied Mr. Neal's credit due to the inaccurate Olympus and Wilshire information contained in his consumer report. His telephone number is 770-704-4949.

Mr. Jim Martel of Omni National Bank. Mr. Martel was a loan officer which denied Mr. Neal's credit due to the inaccurate Olympus and Wilshire information contained in his consumer report.

2.

Carey Scott Neal. Scott Neal. C. Scott Neal. C.S. Neal. Carey S. Neal. Carey Neal. Mr. Neal has only one social security number, he has never used any other social security number.

**Residential Addresses:**

Current residential street address: 201 Silo Lane, Lavonia, Georgia 30553. This residence does not have a mailbox, therefore, his current mailing address is

3

P.O. Box 249, Dewey Rose, Georgia 30634.  Mr. Neal began living at this address

in August, 2003.  From 1993-2003, Mr. Neal resided at 333 Evans Road, Ranger,

Georgia 30734.

**Business Addresses:**

From 1999 – 2002: 1774 Canton Road, Jasper, Georgia 30143.  Business

mailing address: P.O. Box 965424, Marietta, Georgia 30066.

**Rental Home Addresses:**

1073 Whisper Woods Drive, Canton, Georgia 30114.

1058 Whisper Woods Drive, Canton, Georgia 30114.

200 Brick Mill Drive, Canton, Georgia 30114.

**Spouse Information:**

Mr. Neal is married to Lisa Neal.  Mr. Neal has no other spouses.

3.

Mr. Neal is currently unemployed.  Due to inaccurate credit report, his

financial situation diminished and he has been unable to gain funding to start any

new building projects.

Prior to becoming unemployed, Mr. Neal was self-employed as a builder for

the past 5 years.  His business address is provided in response number 2.

4.

The dates Mr. Neal spoke with the Defendant regarding his credit reports are listed within the Complaint and within the documents included with his Initial Disclosures.  Mr. Neal also contacted Equifax on two additional occasions by telephone; however, he only received a pre-recorded message.

5.

Mr. Neal has spent at least 100 hours working on solving the credit report errors as detailed in the Complaint.  Mr. Neal's credit score was lowered because of the Olympus and Wilshire inaccuracies on his report, thereby causing his loan applications to be denied.  Prior to the inaccurate and delinquent reporting of the Olympus and Wilshire accounts, Mr. Neal had not been denied for credit for his personal and business needs.

In either September or October, 2002, American express telephoned Mr. Neal and stated that they were canceling his accounts due to derogatory information found on his credit reports.  Note: the only derogatory information on his credit reports were the Olympus and Wilshire accounts.

Mr. Neal applied for a refinance of a large commercial loan at United Community Bank and he was denied.  It is believed that the derogatory Olympus

and Wilshire accounts were the primary reasons why Mr. Neal was denied a refinance of his loan.

Mr. Neal was also denied credit from Omni Bank, where he applied for a line of credit for the purpose of building three spec homes.

The damage to his reputation was through the publishing and dissemination of false information within Mr. Neal's consumer report to the entities which accessed his reports from May, 2002 through March 2003.

All documentation was provided with the Plaintiff's Initial Disclosures.

6.

Mr. Neal has experienced stress from the credit denials and lack of funding for his personal and business uses.  Mr. Neal also had to file for Chapter 7 due to the lack of funding he was able to receive.  Mr. Neal's wife, Lisa, is aware of the suffering that Mr. Neal experienced from damages to his reputation.

7.

Mr. Neal's attempts to resolve the inaccuracies and derogatory information contained within his credit report were detailed in the Complaint, his Initial Disclosures, and the documentation previously submitted to your attention.

Mr. Neal's attempts to apply for credit are listed in the inquiry section of his Equifax credit report(s).  The reasons given for the denials were the delinquencies inaccurately reported on his Equifax consumer report(s).

8.

Mr. Neal has not applied for any positions since 2001.  Mr. Neal has been self-employed.  Mr. Neal has not been denied employment during the listed time period.

9.

All information and documentation was provided within the Plaintiff's Complaint and Initial Disclosures.  Mr. Neal sent notifications in writing to Equifax, he does not recall ever speaking with any Equifax representatives.

10.

The two accounts which were reported inaccurately on Mr. Neal's reports were by Defendants Olympus and Wilshire.  The dates reported were provided in the Complaint and Initial Disclosures.

11.

Yes.  Mr. Neal's contentions are set forth in the Complaint.  Mr. Neal was repeatedly informed by Equifax that this information had been removed from his consumer report.  However, every time Mr. Neal applied for credit and the creditor accessed his Equifax report, the Equifax consumer report included the Olympus and Wilshire accounts were reported inaccurately as thirty days late.

7

12.

All written documentation of communications with Defendant Olympus and Wilshire were included with Mr. Neal's initial disclosures. Mr. Neal telephoned Wilshire at least six (6) times and each time he informed them of the problem and Wilshire promised to correct the situation. Wilshire also sent letters to Mr. Neal stating that they would correct the problem. The documentation Mr. Neal received was provided with his Initial Disclosures.

Mr. Neal telephone Olympus at least six times as well. Olympus was argumentative and denied they did anything incorrectly. Mr. Neal had to enlisted the help of the real estate closing attorney's office to support the fact that the loan was paid in full and that the loan payment could not have been late for the date it was reported as late because the loan was paid in full. The documentation Mr. Neal received from Olympus was provided with Mr. Neal's initial disclosures.

## DOCUMENTS

1.

See previously produced documents and enclosed documents.

2.

See previously produced documents.

3.

See previously produced documents.

4.

See previously produced documents.

5.

See previously produced documents.

6.

See previously produced documents.  Additionally, it is believed that the real

estate closing attorney's office provided Defendants Olympus and Wilshire

documentation of timely payoff and no delinquency.  These documents have not

yet been produced.  This answer will be supplemented as the documents become

available.

7.

See previously produced documents.

8.

See previously produced documents.

9.

See enclosed documents.

9

10.

No such documents currently available.

11.

See previously produced documents and the enclosed documents.

12.

See enclosed documents.

13.

See enclosed documents.

14.

See previously produced documents and the enclosed documents.

15.

See previously produced documents.

16.

See enclosed documents.  Any additional documents are available through public record.

This 9th day of September, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC
By: _____
   Lisa D. Wright
   Attorney for Plaintiffs
   Georgia State Bar No. 268781

235 Peachtree Street NE,
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAREY SCOTT NEAL,                                )
    Plaintiff                              )
                                     ) CIVIL ACTION
                                     ) FILE NO. 1:03-CV-0761-JEC
vs.                                              )
                                     )
EQUIFAX INFORMATION SERVICES LLC                 )
OLYMPUS SERVICING, L.P., and                     )
WILSHIRE CREDIT CORPORATION                      )
    Defendants                             )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and

foregoing Plaintiff's Responses to Equifax's First Set of Interrogatories and

Request for Production of Documents to Plaintiff, upon opposing counsel, by

depositing a copy of same in the United States Mail with adequate postage thereon

for prompt delivery by the United States Postal service and addressed as follows:

John J. Friedline
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

12

Robert E. Mulholland
Savell & Williams
1500 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303
Attorney for Defendant Olympus Servicing, L.P.

Scott J. Ryskoski & Peter Wahby
Larson King
600 Galleria Three
13155 Noel Road
Dallas, TX 75240
Attorney for Defendant Olympus Servicing, L.P.

Howell A. Hall
Pendergast & Blum
115 Perimeter Center Place, Suite 1010
Atlanta, GA 30346
Attorney for Defendant Wilshire Credit Corporation

This 9th day of September, 2003.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____
      Lisa D. Wright
      Attorney for Plaintiff
      Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CAREY SCOTT NEAL, | ) |
|     Plaintiff | ) |
| | ) CIVIL ACTION |
| | ) FILE NO. 1:03-CV-0761-JEC |
| vs. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC | ) |
| OLYMPUS SERVICING, L.P., and | ) |
| WILSHIRE CREDIT CORPORATION | ) |
|     Defendants | ) |

**VERIFICATION**

I, Carey Scott Neal, hereby certify that the answers contained in the

foregoing Plaintiff's Responses to Equifax's First Set of Interrogatories and

Request for Production of Documents to Plaintiff are true and correct to the best of

my knowledge, information and belief.

_____
Carey Scott Neal
Plaintiff

Sworn and subscribed before
Me this _9th_ day of September, 2003

_____
NOTARY PUBLIC

My commission expires:
_June 10, 2005_

1