**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 2 2 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| CAREY SCOTT NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:03-CV-761-JEC |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, OLYMPUS | ) | |
| SERVICING, L.P., WILSHIRE | ) | |
| CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## EQUIFAX'S MOTION FOR SUMMARY JUDGMENT

NOW COMES defendant Equifax Information Services LLC, by and through its counsel, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment against plaintiff Carey Scott Neal. In support of its motion, Equifax submits the accompanying Brief in Support of Summary Judgment and Statement of Material Facts. There being no genuine issue of material fact to be tried, Equifax hereby requests that this Court grant its Motion for Summary Judgment and enter an Order dismissing Plaintiff's Complaint.

69

This 22nd day of December, 2003.

The undersigned certifies, pursuant to LR 5.1B, that this document has been prepared in Times New Roman, 14 point, as approved by the Court.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By:   John J. Friedline
      GA Bar No.: 277505
      KILPATRICK STOCKTON LLP
      1100 Peachtree Street, Suite 2800
      Atlanta, Georgia 30309
      (404) 815-6500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day caused a true and correct copy of the within and foregoing Equifax's Motion for Summary Judgment and Memorandum in Support to be served by U.S. mail with sufficient postage affixed to ensure delivery as follows:

Lisa D. Wright
235 Peachtree St NE, Ste. 888
Atlanta, GA  30303

Robert E. Mulholland
Savell & Williams
1500 The Equitable Bldg
100 Peachtree Street
Atlanta, GA  30303

Scott J. Ryskoski
Larson King
600 Galleria Three
13155 Noel Rd
Dallas, TX  75240

Howell A. Hall
Pendergast & Blum
115 Perimeter Center Place, Ste. 1010
Atlanta, GA  30346

This 22nd day of December, 2003.

_____
John J. Friedline

ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. ⸻

DEC 2 2 2003

LUTHER D. ⸻, Clerk
By: ⸻ Deputy Clerk

CAREY SCOTT NEAL,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CIVIL ACTION FILE
                                 )        NO.: 1:03-CV-761-JEC
EQUIFAX INFORMATION              )
SERVICES LLC, OLYMPUS            )
SERVICING, L.P., WILSHIRE        )
CREDIT CORPORATION,              )
                                 )
        Defendants.              )
_____)

## EQUIFAX'S MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

Equifax's motion for summary judgment is based on one main issue:

   In order to support a claim under the Fair Credit Reporting Act, a consumer must prove an inaccuracy, publication of the inaccuracy, the lack of reasonable procedures, and damage. Neal claims that he was denied credit from several banks because of Equifax. But if Neal cannot prove what, if anything, was actually published to these banks, cannot prove that such information was a substantial factor in the bank's decision, and cannot prove that Equifax lacked reasonable procedures, can he proceed with his cause of action?

69

The answer to this question is no.  Because Neal cannot prove the elements of his case, this Court must grant Equifax's motion for summary judgment and dismiss this case with prejudice.

## I.     Statement of the Case

Neal filed this case against Equifax on March 20, 2003 seeking recovery for negligent and willful violations of the Fair Credit Reporting Act.  In particular, Neal seeks recovery for an alleged failure to use reasonable procedures to produce a report with maximum possible accuracy, 15 U.S.C. § 1681e(b), and an alleged failure to reinvestigate and correct a disputed item, 15 U.S.C. § 1681i(a).  On June 7, 2003, he filed a Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Northern District of Georgia.

## II.    Statement of Facts

Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and as such is governed by the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.*  (Equifax's Statement of Material Facts, ¶1). Equifax assembles and produces credit reports for use by its clients in evaluating the potential credit risk of consumers.  (Affidavit of Alicia Fluellen, ¶3).  It accepts information on a consumer's credit only from those sources of credit

information – including banks, creditors and merchants – which, either on the basis of its prior experience, or because of the particular source's reputation, are determined by Equifax to be reasonably reliable sources of information. (Fluellen, ¶4). In order to provide more prompt, current and complete records to its customers, Equifax operates an automated credit reporting system. A consumer's credit file is contained in a data bank stored in a computer system that is regularly updated via automated computer tapes or from information transmitted directly by credit grantors and other subscribers. (Fluellen, ¶5).

Should any information Equifax is reporting be disputed by the consumer, Equifax initiates reinvestigation procedures to verify the information obtained from the source. Equifax contacts the original source to check the disputed information. Information that cannot be verified is suppressed so that it does not reappear even if the source continues to send the same data. (Fluellen, ¶6).

Carey Scott Neal is a self-employed builder. (Facts, ¶2). In 2002, he had an income of $65,000. In 2003, he had no income. His monthly expenses are $6,689, while his total debt load is over $2.9 million. (Facts, ¶3).

Neal claims that he has been denied credit since April 2002 because of information on his credit file. But Neal has no evidence of actual denials. (Facts,

¶4). He has no knowledge of what data, if any, was involved in the creditor's decision. (Facts, ¶5). In fact, he did not even make any formal loan applications. (Facts, ¶6).

On September 3, 2002, Equifax received its first notice regarding any issue with Neal's credit file. The notice came from an Equifax customer, Southern Mortgage Reporting, and requested that Equifax delete the late payment history from an Olympus account. (Facts, ¶7). Within one day, Equifax made the requested deletion. A notice of Equifax's action was sent directly to Neal at the same time. (Facts, ¶8).

Two months later, on November 15, Equifax received another request from Southern Mortgage Reporting to change the current status of a Wilshire account from 30-days late to paid-as-agreed. (Facts, ¶9). Again, Equifax located the requested file and made the requested change. A notice of Equifax's actions was sent directly to Neal on November 21. (Facts, ¶10).

The same day, Neal made his first direct contact with Equifax. He notified Equifax by phone that late payment history was again reporting on his Olympus account. (Facts, ¶11). Equifax conducted an investigation by contacting Olympus directly. On December 11, Equifax received notice from Olympus to delete the

history.  Equifax made the requested change and notified Neal of its actions the same day.  (Facts, ¶12).

Neal admits that as early as December 8, 2002, Equifax was reporting his credit file accurately.  (Facts, ¶13).  He further admits that on February 21, 2003, Equifax was still reporting his file accurately.  (Facts, ¶14).

Neal cannot show that Equifax released inaccurate information to any third parties, that he was damaged by this information, or that Equifax failed to properly respond to his one and only direct dispute.  Equifax has not acted with malice or any intent to cause harm to Neal in its handling of his credit files (Facts, ¶15), and further, has properly carried out its duties under the Fair Credit Reporting Act.  As such, Equifax is entitled to summary judgment.

## III.   Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c)  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it

5

could affect the outcome of the suit under governing law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9 (1986). A principal purpose of the summary judgment procedure is to identify and to dispose of factually unsupported claims. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant is unable to make a showing sufficient to establish the existence of an element essential to his case. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 884 (1990).

## IV.   Argument

Neal raises two claims against Equifax for willful and negligent violation of the Fair Credit Reporting Act. In particular, he seeks recovery under 15 USC §1681e(b), requiring reasonable procedures to assure maximum possible accuracy of information prepared for third parties, and 15 USC §1681i(a), requiring reasonable efforts to reinvestigate the accuracy of disputed information.

### 1.   Neal cannot show that disputed information was reported to a third party or that it was reported due to a lack of reasonable procedures.

A credit reporting agency's duty under 15 U.S.C. § 1681e(b) is to establish procedures to assure that a report is as accurate as possible. A credit reporting

6

agency *is not strictly liable* under the FCRA merely for reporting inaccurate information; rather, the consumer must show that the agency failed to follow reasonable procedures. *Sepulvado v. CSC Credit Services, Inc.,* 158 F.3d 890, 896 (5th Cir. 1998); *Spence v. TRW, Inc.,* 92 F.3d 380, 381 (6th Cir. 1996); *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994); *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991); *Bryant v. TRW, Inc.* 689 F.2d 72, 78 (6th Cir. 1982); *Thompson v. San Antonio Retail Merchant's Ass'n,* 682 F.2d 509, 513 (5th Cir. 1982); *Hauser v. Equifax, Inc.,* 602 F.2d 811, 8114-15 (8th Cir. 1979).  A credit reporting agency is not liable under the FCRA if it followed reasonable procedures to assure maximum possible accuracy, but nonetheless reported inaccurate information in the consumer's credit report. *Id.* In order to state a prima facie case for a violation of this section, a plaintiff must show:

- inaccurate information was included in a consumer's credit report;
- the inaccuracy was due to the agency's failure to follow reasonable procedures;
- the plaintiff suffered injury; and
- the consumer's injury was caused by the inclusion of the inaccurate entry.

*Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996). Neal cannot

7

show that Equifax failed to have reasonable procedures in place, that an alleged

inaccuracy was due to Equifax's failure to follow reasonable procedures, or that he

suffered injury as a result. Further, he has provided no proof that an inaccuracy

actual existed or that it was published to any third parties.

The Federal Trade Commission, in its Commentary on the FCRA, has
stated:

> If a consumer reporting agency accurately transcribes, stores and
> communicates consumer information received from a source that it
> reasonably believes to be reputable, and which is credible on its face,
> the agency does not violate this section simply by reporting an item of
> information that turns out to be inaccurate.

12 C.F.R. Part 600, Appendix, Section 607(3)(A). Certainly prior to September 3,

2002 – the date of first notice – Neal cannot prove that Equifax had reason to

believe that the sources of the disputed accounts were not reputable or that the

information on its face was not credible. The plaintiff "cannot rest on a showing

of mere inaccuracy, shifting to the defendant the burden of proof on the

reasonableness of procedures for ensuring accuracy." *Podell v. Citicorp Diners

Club, Inc.,* 914 F. Supp. 1025, 1032 (S.D. N.Y. 1996) (quoting *Stewart v. Credit

Bureau, Inc.,* 734 F.2d 47, 51 (D.C. Cir. 1984)). "It is the plaintiff's burden to

prove that [Equifax] acted unreasonably in the circumstances." Id. The

undisputed facts show that Equifax followed reasonable procedures to assure the

maximum possible accuracy of the information reported in plaintiff's credit file. Thus prior to September 3, 2002, there can be no liability.

Even after September 3, 2002, there is no liability. First, Neal has shown no evidence that information was actually published to a third party. Second, it is clear that Equifax addressed the concerns raised regarding the file. Although Equifax has no duty to respond to disputes raised by those other than the consumer himself, Equifax did respond to each request and made the requested changes. Neal, himself, admits that between December 8 and February 21, he had no quarrel with Equifax's information.

Even if Neal could meet his initial burdens of showing the publication of inaccurate data, his claim fails because he cannot prove damages. Proof of damage is an elemental portion of a plaintiff's case under FCRA. *Philbin* at 963. Nominal damages to vindicate technical right cannot be recovered without a showing of actual loss. *Hyde v. Hibernia National Bank*, 861 F.2d 446 (5th Cir. 1988). In fact, the court need not even reach the issue of whether a credit reporting agency's information was inaccurate since Neal cannot "produce any evidence tending to show that [he was] damaged as a result of an allegedly inaccurate credit report." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d

1151, 1160 (11th Cir. 1991). Neal has "the affirmative duty of coming forward with evidence supporting his claim that [agency's] alleged inaccurate report caused [him] harm". Id. Mere assertion of damage is not enough.

Neal made no formal applications for credit. He has no evidence of a denial. He cannot say that Equifax was even involved in his "attempts." And he certainly cannot explain why, or expect anyone to believe, his $2.9 million to $0 debt-to-income ratio was not the ultimate source of his problems. Because no evidence of damage actually exists, any claim for violation of § 1681e(b) must fail.

### 2.    Equifax properly investigated the one dispute received directly from Neal.

Section 1681i(a) of the FCRA states the duty of a credit reporting agency for investigating a disputed account:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer *and the consumer notifies the agency directly of such dispute*, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file. (emphasis added)

The key trigger to this duty and the protections that lie within, are the direct contact by the consumer. Absent that direct contact, Equifax is entitled to

summary judgment on a claim for failure to reinvestigate. *See Whelan v. Trans Union Credit Reporting* Agency, 862 F.Supp. 824, 833 (E.D.N.Y. 1994).

In this case, Equifax received three notices regarding disputed information, but only one came from Neal himself. During this contact, the Olympus account's late payment data was disputed, investigated by Equifax, and deleted by Equifax. It has not reappeared since then. Because Equifax has done everything required of it regarding this dispute, and this account, there is no liability for this claim. Even if Equifax had not, there is no evidence of damage, as explained above, and thus, no claim.

### 3. Equifax did not act with malice or any intention to harm Neal

To the extent that any of Neal's claims still survive, Equifax should be entitled to summary judgment regarding any claims for willful violation of the Act. 15 U.S.C. § 1681n only authorizes the imposition of punitive damages against a credit reporting agency that *"willfully"* fails to comply with any requirement imposed under the Act. "To be found in willful noncompliance, a defendant must have 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" *Graziano v. TRW, Inc.,* 877 F. Supp. 53, 56 (D. Mass. 1995); *Stevenson v. TRW Inc.,* 987 F.2d 288, 293-4 (5th Cir. 1993)

11

(quoting *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986), *cert. denied*, 483 U.S. 1022 (1987)).  Furthermore, "[o]nly defendants who engaged in 'willful misrepresentations or concealments' have committed a willful violation and are subject to punitive damages under §1681n."  *Id.*, at 294.

In *Stevenson v. TRW Inc.*, the court reversed a $100,000.00 award of punitive damages that had been awarded following a bench trial in district court. It did so despite the fact that TRW had (1) taken over two months to reinvestigate plaintiff's dispute, (2) continued to report an account it had been unable to verify, (3) continued to report an account that reinvestigation had shown to be inaccurate; and (4) allowed previously deleted information to reappear on plaintiff's credit file.  The court rejected the argument that these activities constituted willful conduct, holding that "[t]he record does not reveal . . . any intention to thwart consciously [plaintiff's] right to have inaccurate information removed promptly from his report."  Id.

Equifax's alleged violations in this case do not even approach the level of conduct exhibited by TRW in *Stevenson*.  As explained above, Equifax did not commit any violation of the FCRA, much less do so intentionally.  Neal, himself, admits that he has no evidence that Equifax acted as such:

"Q.    Do you have any reason to believe that what's happened with Equifax
       has been done to you intentionally or on purpose?
A.     I have no idea about that." (Neal Deposition, page 62, lines 1-4)

To the extent that any of Neal's claims remain, they should not remain with

the potential of seeking punitive damages.

## V.    Conclusion

The Fair Credit Reporting Act is not a strict liability statute, which means

that Neal is required to prove certain elements of his claim. He has failed to so,

however, as he cannot prove the following items:

- that a credit report was sent to a third-party from Equifax containing
  inaccurate data;
- that this information proximately caused him harm;
- that Equifax failed to follow reasonable procedures;
- that Equifax failed to address his dispute; or
- that Equifax acted with any intent to harm.

In the absence of any evidence, Equifax is entitled to summary judgment on all of

Neal's claims. To the extent that the Court finds Neal's failure to bring a prima

facie case constitutes bad faith or harassment, the Court must award Equifax its

fees pursuant to 15 U.S.C. §§ 1681n(c) and o(b).

WHEREFORE, Equifax respectfully requests that this Court grant its

Motion for Summary Judgment, dismiss Equifax from this matter, and award any

and all other relief as necessary.

This 22nd day of December, 2003.

The undersigned certifies, pursuant to LR 5.1B, that this document has been prepared in Times New Roman, 14 point, as approved by the Court.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By:   John J. Friedline
      GA Bar No.: 277505
      KILPATRICK STOCKTON LLP
      1100 Peachtree Street, Suite 2800
      Atlanta, Georgia 30309
      (404) 815-6500

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 2 2 2003

LUTHER _____ Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| CAREY SCOTT NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:03-CV-761-JEC |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, OLYMPUS | ) | |
| SERVICING, L.P., WILSHIRE | ) | |
| CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## EQUIFAX'S STATEMENT OF MATERIAL FACTS

NOW COMES defendant Equifax Information Services LLC and provides its statement of material facts to which there exists no genuine issue to be tried.

1.    Equifax Information Services LLC is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f). (Affidavit of Alicia Fluellen, ¶3, attached hereto as Exhibit 1).

2.    Carey Scott Neal is a self-employed builder. (Plaintiff's Responses to Equifax's Interrogatories, ¶3).

*69*

3.      In 2002, Neal had an income of $65,000.  In 2003, he has had no income.  His monthly expenses are $6,689, while his total debt load is over $2.9 million.  (In Re: Carey Scott Neal, US Bankruptcy Court-Northern District of GA, Case No. 03-30619; relevant portions attached hereto as Exhibit 2).

4.      Neal has no evidence of actual credit denials.  (Deposition of Carey Scott Neal, November 24, 2003, page 87, lines 16-18; relevant portions attached hereto as Exhibit 3).

5.      Neal has no knowledge of what data, if any, was involved in the creditor's decision.  (Neal Deposition, page 30, lines 15-19; page 33, lines 12-14; page 104, lines 6-16).

6.      Neal did not make any formal loan applications.  (Neal Deposition, page 46, lines 20-24).

7.      Equifax received its first notice regarding any issue with Neal's credit file on September 3, 2003.  The notice came from an Equifax customer, Southern Mortgage Reporting, and requested that Equifax delete the late payment history from an Olympus account.  (Fluellen, ¶8).

8.     On September 4, Equifax made the requested deletion and sent notice of the deletion directly to Neal.  (Fluellen, ¶9; Equifax response letter of September 4, 2002, attached hereto as Exhibit 4).

9.     On November 15, Equifax received a request from Southern Mortgage Reporting to change the current status of a Wilshire account from 30-days late to paid-as-agreed.  (Fluellen, ¶10).

10.    Equifax located the requested file and made the requested change.  A notice of Equifax's actions was sent directly to Neal on November 21.  (Fluellen, ¶11; Equifax response letter of November 21, 2002, attached hereto as Exhibit 5).

11.    On November 21, 2002, Equifax received the first direct contact from Neal.  By phone, Neal disputed the appearance of late payment history on his Olympus account.  (Fluellen, ¶12).

12.    Equifax conducted an investigation by contacting Olympus directly. On December 11, Equifax received notice from Olympus to delete the history. Equifax made the requested change and notified Neal of its actions the same day. (Fluellen, ¶13).

13.    As of December 8, 2002, Equifax was reporting Neal's credit file accurately.  (Complaint, ¶23).

3

14.    As of February 21, 2003, Equifax was still reporting Neal's file accurately.  (Complaint, ¶24).

15.    Equifax has not acted with malice or any intent to harm plaintiff in the handling of his credit file.  (Fluellen, ¶15).

This 22nd day of December, 2003.

The undersigned certifies, pursuant to LR 5.1B, that this document has been prepared in Times New Roman, 14 point, as approved by the Court.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By:    John J. Friedline
       GA Bar No.:  277505
       KILPATRICK STOCKTON LLP
       1100 Peachtree Street, Suite 2800
       Atlanta, Georgia 30309
       (404) 815-6500



# EXHIBIT / ATTACHMENT

*I*

(To be scanned in place of tab)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CAREY SCOTT NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:03-CV-761-JEC |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, OLYMPUS | ) | |
| SERVICING, L.P., WILSHIRE | ) | |
| CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF ALICIA FLUELLEN IN SUPPORT
## OF EQUIFAX'S MOTION FOR SUMMARY JUDGMENT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Alicia Fluellen, after being duly sworn, and stated as follows:

1.     My name is Alicia Fluellen.  I am over 21 years of age and I am competent to testify as to the matters stated herein.  I am a manager in the Office of Consumer Affairs for Equifax Information Services LLC and have authority to submit this affidavit on its behalf in support of its motion for summary judgment.

2.     I have personal knowledge of the facts set forth herein, except to the extent that I state herein another source for my knowledge.

3.    Equifax is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §§1681 *et seq.* ("FCRA").  Equifax assembles and produces credit reports for use by its clients in evaluating the potential credit risk of consumers.

4.    Equifax accepts information on a consumer's credit only from those sources of credit information, which includes banks, creditors and merchants, which, either on the basis of its prior experience, or because of the particular source's reputation, are determined by Equifax to be reasonably reliable sources of information.

5.    In order to provide more prompt, current and complete records to its customers, Equifax operates an automated credit reporting system.  A consumer's credit file is contained in a data bank stored in a computer system that is regularly updated via automated computer tapes or from information transmitted directly by credit grantors and other subscribers.

6.    Should any information Equifax is reporting be disputed, Equifax initiates reinvestigation procedures to verify the information obtained from the source.  Equifax contacts the original source to check the disputed information.

2

Information that cannot be verified is suppressed so that it does not reappear even if the source continues to send the same data.

7.      Throughout the period I have served as an employee of the Office of Consumer Affairs, I have been responsible for supervising the disclosure of the content of consumers' credit files to those consumers, and the handling of inquiries or disputes made by or on behalf of those consumers.

8.      Equifax received its first notice regarding any issue with Neal's credit file on September 3, 2003. The notice came from an Equifax customer, Southern Mortgage Reporting, and requested that Equifax delete the late payment history from an Olympus account.

9.      On September 4, Equifax made the requested deletion and sent notice of the deletion directly to Neal.

10.     On November 15, Equifax received a request from Southern Mortgage Reporting to change the current status of a Wilshire account from 30-days late to paid-as-agreed.

11.     Equifax located the requested file and made the requested change. A notice of Equifax's actions was sent directly to Neal on November 21.

12.    On November 21, 2002, Equifax received the first direct contact from Neal. By phone, Neal disputed the appearance of late payment history on his Olympus account.

13.    Equifax conducted an investigation by contacting Olympus directly. On December 11, Equifax received notice from Olympus to delete the history. Equifax made the requested change and notified Neal of its actions the same day.

14.    Equifax has not acted with malice or any intent to harm plaintiff in the handling of his credit file.

FURTHER AFFIANT SAYETH NOT.

_Alicia Fluellen_
Alicia Fluellen

Sworn to and subscribed before
me this _17_ day of December, 2003.

Notary Public

NOTARY PUBLIC
COBB COUNTY. GA
MY COMMISSION
EXPIRES 10/18/06

4



# EXHIBIT / ATTACHMENT

2

(To be scanned in place of tab)

Official Form 1) (12/02)

FORM B1

| United States Bankruptcy Court<br>Northern District of Georgia<br>Gainesville | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Neal, Carey Scott** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**C. Scott Neal**<br>**Scott Neal** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| (if more than one, state all): | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**333 Evans Road**<br>**Ranger, GA 30734** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: **Pickens** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**POB 965424**<br>**Marietta, GA 30066** | Mailing Address of Joint Debtor (if different from street address): |

# 03-30619

| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|---|---|
| ☑ Individual(s) | | ☐ Railroad | | ☑ Chapter 7 | ☐ Chapter 11 | ☐ Chapter 13 |
| ☐ Corporation | | ☐ Stockbroker | | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | | ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other | | ☐ Clearing Bank | | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☑ Consumer/Non-Business | ☐ Business | ☑ Full Filing Fee Attached |

**Chapter 11 Small Business** (Check all boxes that apply)

☐ Debtor is a small business as defined in 11 U.S.C. § 101

☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

THIS SPACE IS FOR COURT USE ONLY

Fee
Paid 170
Balance 0
Admin 30

03 JUN 13 PM 12: 37

(Official Form 1) (12/02)                                                                                    FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Carey Scott Neal** |
|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) |||
|---|---|---|
| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Carey Scott Neal_
Signature of Debtor

X  **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

_4-30-03_
Date

X _Samuel D. Hicks_  Signature of Attorney
Signature of Attorney for Debtor(s)

**Samuel D. Hicks, 351625**
Printed Name of Attorney for Debtor(s) / Bar No.

**Hicks, Casey & Barber, P.C.**
Firm Name

**136 N. Fairground Street  Suite 100**
Address

**Marietta, GA  30060**

**(770)428-1000**
Telephone Number
_4-30-03_
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
Signature of Authorized Individual`

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _Samuel D. Hicks_        _4-30-03_
Signature of Attorney for Debtor(s)        Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐     Yes, and Exhibit C is attached and made a part of this petition.
☑     No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### UNITED STATES BANKRUPTCY COURT

#### Northern District of Georgia
#### Gainesville

In re:  **Carey Scott Neal**

**252 06 6805**

Case No. _____

Chapter  **7**

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 80,235.00 | **Operation of business income** | **2001** |
| 65,000.00 | **Operation of business income** | **2002** |
| 0.00 | **No op. of bus. or emp. income** | **2003 YTD** |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 159.00 | **Rental income** | **2001** |
| 159.00 | **Rental income** | **2002** |
| 0.00 | **No other income** | **2003 YTD** |

### 3. Payments to creditors

None ☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Form B6
(6/90)

# United States Bankruptcy Court
# Northern District of Georgia
# Gainesville

In re   **Carey Scott Neal**

Case No.

Chapter     **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $    972,000.00 | | |
| B - Personal Property | YES | 3 | $     39,800.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $    950,018.24 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $      1,581.49 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 9 | | $   2,041,347.73 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $    2,750.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $    6,689.00 |
| Total Number of sheets in ALL Schedules ➤ | | 22 | | | |
| Total Assets   ➤ | | | $   1,011,800.00 | | |
| Total Liabilities   ➤ | | | | $   2,992,947.46 | |



# EXHIBIT / ATTACHMENT

## 3

(To be scanned in place of tab)

```
1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF GEORGIA
2                       ATLANTA DIVISION

3    CAREY SCOTT NEAL,                    )
                                          )
4              Plaintiff,                 )
                                          )  CIVIL ACTION
5         vs.                             )  FILE NO.
                                          )  1:03-CV-0761-JEC
6    EQUIFAX INFORMATION SERVICES LLC )
     OLYMPUS SERVICING, L.P., and         )
7    WILSHIRE CREDIT CORPORATION,         )
                                          )
8              Defendants.                )

9                        -  -  -

10

11             Deposition of CAREY SCOTT NEAL, taken on

12   behalf of the Defendant Equifax, pursuant to

13   agreement of counsel, in accordance with the

14   Federal Rules of Civil Procedure, before Cathey H.

15   Sutton, Certified Court Reporter, at 235 Peachtree

16   Street, Northeast, Suite 888, Atlanta, Georgia, on

17   the 24th day of November, 2003, commencing at the

18   hour of 9:05 a.m.

19

20                       -  -  -

21

22             Deb Puckett & Associates

23                636 Old Ivy Road

24             Atlanta, Georgia   30342

25                  (404) 365-9015
```

1    that your credit was denied?

2        A    They didn't call and tell me.  When I'm

3    talking to them they pulled it up and said, hey,

4    you got a problem you need to address.

5        Q    So it was instantaneous?

6        A    Yes.

7        Q    Do you recall the exact reason they gave

8    you for not giving you a loan?

9        A    Said the credit score had dropped, I had a

10   couple of mortgage lates.  Of course I denied.

11   They said I needed to investigate.

12       Q    When you were on the phone was it a man or

13   woman, do you remember?

14       A    I don't recall.

15       Q    When you were on the phone with this bank

16   representative, did they tell you which credit

17   report they had pulled?  Was it Equifax,

18   Transunion, Experian?

19       A    No, they didn't.

20       Q    Did she tell you which mortgages were

21   reporting late?

22       A    She did tell me.  They told me whoever it

23   was.  Wilshire and Olympus mortgages were reporting

24   late.

25       Q    What were those two mortgages for, which

1    same story, that you had a couple of mortgages

2    reporting late.  Do you remember what the name of

3    the other bank would have been that you went to?

4        A    No, I don't recall.

5        Q    Was it more than one?

6        A    It was more than one.  I think it was just

7    maybe two.

8        Q    Do you recall the second bank, the exact

9    reason they told you?  Was it over the phone again?

10       A    Over the phone.  Same, pretty much the

11   same story.

12       Q    Did they tell you they were looking at an

13   Equifax credit report?

14       A    They didn't say.

15       Q    So that happened in March or April when

16   you contacted the banks in order to get a

17   construction loan; is that correct?

18       A    Actually it was closer to May.

19       Q    And then in June you contacted Wilshire,

20   correct?

21       A    Yes.

22       Q    When you contacted them you hadn't seen

23   your credit.  You were going off of what you had

24   heard on the phone, correct?

25       A    Exactly.

1        A    Yes.

2        Q    What rate and loan were you attempting to

3    get?

4        A    I was wanting to take advantage of some of

5    these new low rates.

6        Q    Do you recall, was there a specific one

7    you were applying for, like a 5 percent, or do you

8    recall the difference?

9        A    I didn't apply for anything specific.  I

10   contacted them to see if, like I said, if I could

11   take advantage of some of these low rates and see

12   what kind of program they have.  They would pull my

13   credit, tell me there's nothing they have to help

14   me at the time.  Nothing that would fit my low

15   score.

16       Q    Again, did any of these banks for which

17   you tried to refinance your personal home, did they

18   give you the reason for the denial in writing?

19       A    Nothing in writing.

20       Q    Did you fill out formal loan

21   applications --

22       A    No.

23       Q    -- with any of these banks?

24       A    No, I did not.

25       Q    So you would just call them up and give

1    during that time?

2        A    There in, prior to February and March I

3    did, yes.

4        Q    And throughout that period, all through

5    '02 the credit you had accrued continued to

6    increase?

7        A    '02 was very difficult to get credit

8    because of the low score.  I don't recall any new

9    loans that come online without a, I mean without

10   just a, I mean, tell you the truth, I don't recall

11   any new loans coming online in, you know, the

12   latter part of '02.  I had sold several homes prior

13   to that, and, like I said, prior to '02, I mean

14   February '02 I had, had picked up additional

15   mortgages.

16       Q    You have no credit denials in writing; is

17   that correct?

18       A    Nothing in writing that I'm aware of.

19       Q    How many times did you actually apply for

20   credit versus how many times did you simply call

21   and wonder or ask them if you would be approved if

22   you applied?

23       A    I had more on-the-phone denials than I did

24   actual applications.

25       Q    You referred to an on-the-phone denial.

1       file.  Our investigation has now been completed.

2       Calmco Servicing LP, Account Number 1000902740,

3       9600 Great Hills Trail, No. 200, Austin, Texas,

4       78759-6387, 800-671-0252.  The prior paying history

5       has been deleted from this account."

6          Q    You can stop there.  Despite this letter,

7       on what, on what do you base your belief that

8       Olympus Servicing was still reporting your account

9       as delinquent in March of '03?

10         A    I don't know.

11         Q    Do you have a belief that it was reporting

12      your account inaccurately on March of '03?

13         A    I don't know.

14         Q    You don't know if you believe that?

15         A    I don't know if they were reporting me

16      inaccurately at, in '03.

17         Q    If you would go to Page EIS 0003 of the

18      Equifax credit report.  On the left-hand side it

19      says company name.  Do you see where --

20             MS. WRIGHT:  He's not there yet.

21         Q    (BY MR. WAHBY) I'm sorry.  On the top

22      left-hand corner in the column.

23         A    Company name, yeah.

24         Q    Yes, sir.  Would you follow me down to

25      Olympus Servicing.



# EXHIBIT / ATTACHMENT

## 4

(To be scanned in place of tab)

September 4, 2002

P O Box 740256
Atlanta, GA  30374

|..|.|.||..||..||..||..||..||..||..|..|..|..|.|..|..|||
000345460-25945
Carey Neal
PO Box 965424
Marietta GA 30066-0008

001160

Dear Carey Neal:

Thank you for requesting your credit file, commonly called a Consumer Credit Report. Your credit file contains information received primarily from companies which have granted you credit and from courthouse sources. Great care has been taken to report this information correctly.  Please help us in achieving even greater accuracy.

The enclosed form, "How to Read Your Credit File," explains the different parts of a credit file and will help you understand your own credit file.  Please review all of the enclosed material carefully.

To allow us to protect your privacy and deliver prompt service, please have your confirmation number accessible when you call or visit our web site.  If there are items you believe to be incorrect, you may be able to initiate an investigation request via the Internet 24 hours a day, 7 days a week at:

### https://www.econsumer.equifax.com/elsc

Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns. Or you may complete the enclosed Research Request Form and return it to:

**Equifax Information Services Llc**
**P O Box 740256**
**Atlanta, GA  30374**

Sending the Research Request Form to any other address will delay the processing of your request.

***Results of Your Investigation***  (For your security, the last 4 digits of your credit account number(s) have been replaced by *)
***We have researched the credit account.  The results are:***

Calmco Servicing Lp                              Account Number: 100090*
9600 Great Hills Trl # 200
Austin, TX 78759-6387
Phone Number:  (800) 671-0252

THE PRIOR PAYING HISTORY HAS BEEN DELETED FROM THIS ACCOUNT.

---

**The FBI has named identity theft as the fastest growing crime in America.**

Protect yourself with Equifax Credit Watch<sup>TM</sup>, a service that monitors your credit file every business day and notifies you within 24 hours of any activity. To order, go to:  ***www.creditwatch.equifax.com***



# EXHIBIT / ATTACHMENT

## 5

(To be scanned in place of tab)

November 21, 2002

P. O. Box 105518
Atlanta GA 30348

IlaIlIlIllIlllIIlllIIIlIlIlIlIIlllIIllllIIIIll
000359317-8501
Carey Neal
200 Brick Mill Dr
Canton GA 30115-3820

Dear Carey Neal:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. Enclosed is an updated copy of your credit file.

***Results of Your Investigation*** (For your security, the last 4 digits of your credit account number(s) have been replaced by *)

**We have researched the credit account. The results are:**

Wilshire Credit Corp                         Account Number: 77*
PO Box 8517
Portland, OR 97207-8517
Phone Number: (503) 223-5600
THIS CREDITOR IS CURRENTLY REPORTING A ZERO BALANCE FOR THIS ACCOUNT. THE PRIOR PAYING HISTORY HAS BEEN DELETED FROM THIS ACCOUNT.

Thank you for giving Equifax Information Services the opportunity to serve you.

Glenn King
P.O. Box 740256
Atlanta, GA 30374-0256

(Continued on next page)

Page 1 of 2

000165 - 1    OF 3 *                            232333878-I 00-000359317-8501 - 43176 A S

N O T I C E
- - - - - -


To:  Lisa Dionne Wright, Esq.
     Law Office of Lisa D. Wright
     Suite 888
     235 Peachtree Street NE
     Atlanta, GA  30303



December 23, 2003



                   UNITED STATES DISTRICT COURT
                           for the
                   NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

Carey Scott Neal,

                   plaintiff            CIVIL ACTION

          v.                            NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                   defendant


          NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
          --------------------------------------------


     On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

> Luther D. Thomas, Clerk
> United States District Court
> Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:   John J. Friedline, Esq.
      Kilpatrick Stockton
      Suite 2800
      1100 Peachtree Street
      Atlanta, GA  30309-4530


December 23, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION


Carey Scott Neal,

                 plaintiff                    CIVIL ACTION

           v.                                 NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                 defendant


            NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
            - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


        On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

        Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Robert Edward Mulholland, Esq.
     Savell & Williams
     1500 The Equitable Building
     100 Peachtree Street
     Atlanta, GA  30303



December 23, 2003


                UNITED STATES DISTRICT COURT
                        for the
                NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

Carey Scott Neal,

                plaintiff                    CIVIL ACTION

        v.                                   NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                defendant


        NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
        -------------------------------------------


        On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

        Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Scott Andrew Wandstrat, Esq.
     Savell & Williams
     1500 The Equitable Building
     100 Peachtree Street
     Atlanta, GA  30303



December 23, 2003


                  UNITED STATES DISTRICT COURT
                            for the
                  NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION


Carey Scott Neal,

                plaintiff                    CIVIL ACTION

          v.                                 NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                defendant


            NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
            -------------------------------------------


     On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

                              Luther D. Thomas, Clerk
                              United States District Court
                              Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Scott J. Ryskoski, Esq.
     Greenberg Traurig
     600 Three Galleria Tower
     13155 Noel Road
     Dallas, TX  75240



December 23, 2003


                    UNITED STATES DISTRICT COURT
                            for the
                    NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

Carey Scott Neal,

              plaintiff                        CIVIL ACTION

        v.                                     NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

              defendant


              NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
              ------------------------------------------------

        On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

        Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:   Peter S. Wahby, Esq.
      Greenberg Traurig
      600 Three Galleria Tower
      13155 Noel Road
      Dallas, TX  75240



December 23, 2003



            UNITED STATES DISTRICT COURT
                      for the
            NORTHERN DISTRICT OF GEORGIA
                 ATLANTA DIVISION

Carey Scott Neal,

            plaintiff                    CIVIL ACTION

      v.                                 NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

            defendant


        NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
        -----------------------------------------------


      On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

      Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Howell Alexander Hall, Esq.
     Pendergast & Jones
     South Terraces, Suite 1010
     115 Perimeter Center Place
     Atlanta, GA  30346



December 23, 2003



                    UNITED STATES DISTRICT COURT
                              for the
                    NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

Carey Scott Neal,

                plaintiff                   CIVIL ACTION

            v.                              NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                defendant


             NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
             -----------------------------------------------


        On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

        Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

                                        Luther D. Thomas, Clerk
                                        United States District Court
                                        Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  James P. Blum, Esq.
     Pendergast & Jones
     South Terraces, Suite 1010
     115 Perimeter Center Place
     Atlanta, GA  30346



December 23, 2003



                  UNITED STATES DISTRICT COURT
                           for the
                  NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION


Carey Scott Neal,

                    plaintiff              CIVIL ACTION

            v.                             NO. 1:3-cv-761-JEC

Equifax Credit Information Services, Inc., et al,

                    defendant


            NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
            ----------------------------------------------


     On 12/22/03, Equifax Information Services LLC,

filed a motion for  summary judgment in this Court, case document

number 69.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.  Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.  Id. at 519.  See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.  Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by af-fidavit or other materials,  "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record