IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAREY SCOTT NEAL

      Plaintiff,

v.                                              CIVIL ACTION NO.
                                                1:03-CV-0761-JEC

EQUIFAX CREDIT INFORMATION
SERVICES, INC., OLYMPUS
SERVICING, L.P., and WILSHIRE
CREDIT CORP.

      Defendants.

# O R D E R

This case is presently before the Court on defendant Olympus Servicing, L.P.'s Motion to Dismiss [12]; plaintiff's Motion for Leave to File Amended Complaint [14]; plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Serve Initial Disclosures [42]; plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Produce Discovery Responses and Documents [43]; plaintiff's Motion to Strike Defendant Olympus Servicing, L.P.'s Response to Plaintiff's Motion to Compel Initial Disclosures [48]; plaintiff's Request for Judicial Notice [49]; plaintiff's Request for a Scheduling Conference [54]; plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Appear for Deposition Upon Oral Examination [56-1]; plaintiff's Motion for Sanctions Against

AO 72A
(Rev.3/82)

Defendant Olympus Servicing, L.P. [56-2]; defendant Olympus Servicing, L.P.'s Motion for Protective Order [57]; defendant Olympus Servicing, L.P.'s motion to extend time for discovery and scheduling order deadlines [60]; plaintiff's Motion for Default Judgment Against Olympus Servicing, L.P. [64]; plaintiff's Motion for Summary Judgment Against Equifax Credit Services, LLC on the Issue of Liability [65]; defendant Equifax Credit Services, LLC's Motion for Summary Judgment [69]; AND defendant Olympus Servicing, L.P.'s Motion for Summary Judgment [70].  The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Olympus Servicing, L.P.'s Motion to Dismiss [12] should be **GRANTED in part and DENIED in part**; plaintiff's Motion for Leave to File Amended Complaint [14] should be **DENIED without prejudice**; plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Serve Initial Disclosures [42] should be **GRANTED**; plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Produce Discovery Responses and Documents [43] should be **GRANTED**; plaintiff's Motion to Strike Defendant Olympus Servicing, L.P.'s Response to Plaintiff's Motion to Compel Initial Disclosures [48] should be **DENIED as moot**; plaintiff's Request for Judicial Notice [49] should be **GRANTED**; plaintiff's Request for a Scheduling Conference [54] should be **DENIED**; plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Appear for Deposition Upon Oral Examination [56-1] should be **GRANTED**; plaintiff's Motion

2

for Sanctions Against Defendant Olympus Servicing, L.P. [56-2] should be **DENIED**; defendant Olympus Servicing, L.P.'s Motion for Protective Order [57] should be **DENIED**; defendant Olympus Servicing, L.P.'s motion to extend time for discovery and scheduling order deadlines [60] should be **GRANTED**; plaintiff's Motion for Default Judgment against Olympus Servicing, L.P. [64] should be **DENIED**; plaintiff's Motion for Summary Judgment against defendant Equifax Credit Services, LLC on the Issue of Liability [65] should be **DENIED without prejudice**; defendant Equifax Credit Services, LLC's Motion for Summary Judgment [69] should be **DENIED without prejudice**; AND defendant Olympus Servicing, L.P.'s Motion for Summary Judgment [70] should be **DENIED without prejudice**.

## BACKGROUND[1]

Plaintiff, a Georgia resident, is a consumer as defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681v ("FCRA"). (Compl. [1] at ¶ 1.) Defendant Equifax Credit Information Services, LLC[2] ("Equifax") is a Georgia corporation. (*Id.* at ¶ 2.) Defendant Olympus Servicing, L.P.

---

[1] As this case is before the Court on defendant's motion to dismiss, the following facts are taken from plaintiff's complaint and, for the purposes of ruling on the motion, are assumed to be true.

[2] Plaintiff incorrectly named this defendant as Equifax Credit Services, Inc. The actual name of this defendant is Equifax Credit Services, LLC. This change has been noted in the record. (*See* Order [17].)

3

("Olympus") is a Delaware corporation authorized to conduct business in Georgia. (*Id.* at ¶ 3.) Defendant Wilshire Credit Corporation ("Wilshire") is Nevada corporation authorized to conduct business in Georgia. (*Id.* at ¶ 4.) Both Olympus and Wilshire are furnishers of information under 15 U.S.C. § 1681s-2 of the FCRA. (*Id.* at ¶ 6.)

## I. FACTUAL BACKGROUND

In May 2001, plaintiff entered into two residential real estate mortgage contracts: one with Olympus (formerly known as Calmco Servicing, L.P.) and one with Wilshire. (*Id.* at ¶¶ 10-11.) On or about February 28, 2002, plaintiff paid both of these mortgages in full, with no late payments. (*Id.* at ¶¶ 12-13.) However, both Olympus and Wilshire inaccurately reported to credit reporting agencies that plaintiff's account was 30 days past due. (*Id.* at ¶¶ 14-15.) Olympus inaccurately reported this information from April 2002 through September 2002, while Wilshire inaccurately reported the information from April 2002 through the present. (*Id.*)

On or about May 22, 2002, American Express requested a copy of plaintiff's credit report. (*Id.* at ¶ 16.) Based on information disclosed in this credit report regarding the Olympus and Wilshire mortgage accounts, American Express closed plaintiff's account and increased the interest rate charged. (*Id.*) In June 2002, plaintiff contacted Olympus and Wilshire to dispute the inaccurate

4

information reported on his credit report. (*Id.* at ¶ 17.) Olympus wrote plaintiff a letter, dated June 13, 2002, stating that it was addressing his concerns and would report the accurate information to the three major credit bureaus. (*Id.* at ¶ 18.) Wilshire similarly wrote plaintiff a letter, dated June 14, 2002, stating that the information had been inadvertently sent to the credit bureaus and that it would correct the information. (*Id.* at ¶ 19.) Equifax advised plaintiff, in early September 2002, that the inaccurate information reported by Olympus had been deleted from his credit report; Equifax similarly advised plaintiff regarding the Wilshire information in November 2002. (*Id.* at ¶¶ 20-21.)

On December 8, 2002, and on February 21, 2003, Equifax correctly reported both the Olympus and Wilshire information. (*Id.* at ¶¶ 23-24.) However, on March 11, 2003, Equifax again inaccurately reported the Wilshire information. (*Id.* at ¶ 25.) On March 13, 2003, Wilshire sent plaintiff a letter stating that he had paid his loan in full, his account was closed, and he had made no late payments. (*Id.* at ¶ 26.)

## II. SPECIFIC ALLEGATIONS AGAINST DEFENDANT OLYMPUS

Plaintiff has made two specific allegations against defendant Olympus. First, plaintiff has alleged that defendant Olympus "negligently and willfully" violated 15 U.S.C. § 1681s-2(a) in three ways: it reported information with actual knowledge of errors; it reported information after notice and confirmation of

5

errors; and it failed to correct and update incorrect information. (Compl. [1] at ¶ 38.)

Second, plaintiff has alleged that defendant Olympus defamed plaintiff, from April 2002 through September 2002, by publishing, in writing, to defendant Equifax that plaintiff was past due on his account. (*Id.* at ¶¶ 42-43.)   Olympus knew such statements were false at the time it made them because plaintiff had already paid in full the amount due on the account. (*Id.* at ¶ 44.)   Plaintiff has alleged that despite his repeated notice to Olympus, Olympus continued to defame him, which constitutes acting with malice. (*Id.* at ¶ 46.)

### III. PLAINTIFF'S BANKRUPTCY

Plaintiff filed for Chapter 7 bankruptcy relief on or about June 12, 2003. (*See* July 25, 2003 Endorsed Order [35].)   This Court signed an endorsed order approving the stipulation to stay discovery while the bankruptcy trustee made determinations regarding plaintiff's claims against defendant Olympus. (*Id.*) Discovery was stayed for 90 days or until the bankruptcy trustee notified the parties regarding the prosecution of plaintiff's claims against defendant Olympus, plus ten days, whichever occurred first. (*Id.*) Plaintiff's counsel notified Olympus, in a telephone call on August 26, 2003, that the bankruptcy trustee abandoned these claims. (Aff. of Lisa D. Wright, attach. to Pl.'s Mot. to Compel Def. Olympus Servicing, L.P. to Serve Initial Disclosures

6

[42], at ¶ 4.)   On September 4, 2003, plaintiff's counsel served Olympus' counsel with a copy of the notification sent to the bankruptcy judge regarding the trustee's decision to abandon these claims.   (*Id.* at ¶ 5.)   The bankruptcy judge signed an order approving the trustee's report, discharging plaintiff, and closing the bankruptcy estate.   (Oct. 21, 2003 Bankr. Order, attach. as Ex. 1 to Pl.'s Objection to Def. Olympus Serving, L.P.'s Mot. for a Protective Order [59].)   Defendant Olympus has refused to cooperate in discovery.

## DISCUSSION

### I.   DEFENDANT OLYMPUS' MOTION TO DISMISS

#### A.   Motion to Dismiss Standard

Under Federal Rule 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief may be granted.   When deciding whether to dismiss a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations of material fact as true.   *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).   A court may grant a motion to dismiss if it finds that the plaintiff cannot prove any set of facts consistent with the complaint which would entitle him or her to relief.   *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).   Defendants bear "the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle them to relief."   *Beck*, 144

7

F.3d at 736.

## B. Plaintiff's Fair Credit Reporting Claim Asserted Against Defendant Olympus

Defendant Olympus argues that plaintiff's claim asserted under 15 U.S.C. § 1681s-2(a) must be dismissed, as there is no private right of action under this section of the statute. (Mem. of Law in Supp. of Rule 12(b)(6) Mot. to Dismiss Pl.'s Compl. [12], "Olympus Mem. of Law," at 5-8.) Plaintiff counters only that his claim should be not dismissed because he has moved for leave to file an amended complaint.[3] (Pl.'s Resp. to Def. Olympus Servicing, L.P. Mot. to Dismiss [15] at 1.) Plaintiff contends that he simply cited to 15 U.S.C. § 1681s-2(a), rather than to 15 U.S.C. § 1681s-2(b), by mistake. (*Id.*) Plaintiff does not contest that there is no private right of action under 15 U.S.C. § 1681s-2(a).

Section 1681s-2(d) states that "Subsection (a) of this section shall be *enforced exclusively* under section 1681s of this title *by the Federal agencies and officials and the State officials* identified in that section." 15 U.S.C. § 1681s-2(d) (emphasis added). This Court has located no case where a court has allowed a private plaintiff to sue under this section of the statute and the parties have indicated none. It appears that every court that has addressed the issue in a reported decision has concluded that

---

[3] Plaintiff's motion for leave to file amended complaint is addressed *infra*. For the purpose of deciding the pending motion to dismiss, the Court will use the original complaint.

8

private plaintiffs have no cause of action under 15 U.S.C. § 1681s-2(a). *See, e.g., Stafford v. Cross Country Bank*, 262 F. Supp.2d 776, 783-84 (W.D. Ky. 2003); *Betts v. Equifax Credit Info. Servs., Inc.*, 245 F. Supp.2d 1130, 1134 (W.D. Wash. 2003); *Riley v. Gen. Motors Acceptance Corp.*, 226 F. Supp.2d 1316, 1320 (S.D. Ala. 2002); *Vazquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp.2d 150, 157 (D.P.R. 2002); *Hasvold v. First USA Bank, N.A.*, 194 F. Supp.2d 1228, 1234 (D. Wyo. 2002); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp.2d 1275, 1288 (M.D. Ala. 2001).

This Court joins these other district courts and concludes that there is no private right of action under 15 U.S.C. § 1681s-2(a). Accordingly, the Court **GRANTS** defendant Olympus' motion to dismiss [12] as to any claims asserted against it brought pursuant to 15 U.S.C. § 1681s-2(a).

## C. Plaintiff's Defamation Claim Asserted Against Defendant Olympus

### 1. Arguments of the Parties

Plaintiff alleges that defendant Olympus defamed him by publishing information known to be false about his credit to defendant Equifax. (Compl. [1] at ¶¶ 42-44.) Plaintiff claims that defendant Olympus acted with malice in that Olympus continued to report the inaccurate information even after plaintiff advised Olympus of the inaccuracies. (*Id.* at ¶ 46.) Olympus argues that plaintiff's defamation claim, asserted under Georgia law, must be

9

dismissed, as the FCRA preempts such a claim. (Olympus Mem. of Law at 8-13.) First, Olympus argues that the Consumer Credit Reporting Act, passed in 1996 as an amendment to the FCRA, preempts all state law causes of action against furnishers of credit information. (Id. at 9 (citing 15 U.S.C. § 1681t(b)(1)(F)).) Additionally, according to Olympus, 15 U.S.C. § 1681h(e) preempts state law claims of defamation "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

In arguing that 15 U.S.C. § 1681t(b)(1)(F)[4] (hereinafter sometimes referred to as "§ 1681t") preempts plaintiff's defamation claim, Olympus argues that this section preempts state law causes of action created by statute, as well as by common law. (Olympus Mem. of Law at 10.) Plaintiff counters that § 1681t applies only to state statutory provisions, not common law causes of action and, thus, does not preempt his claim. (Pl.'s Mem. of Law in Opp'n to Def. Olympus Servicing, L.P.'s Mot. to Dismiss-Defamation Count, "Pl.'s Resp.-Defamation," [18] at 6, 18-19.) Moreover, plaintiff argues that his claim is not inconsistent with the FCRA, so it is not preempted by § 1681t. (Id. at 15-18.)

---

[4] "(b) No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject mater regulated under (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

10

In arguing that 15 U.S.C. § 1681h(e)[5] preempts plaintiff's defamation claim, Olympus argues that since plaintiff has failed to allege an actionable violation under the FCRA, there is no cause of action for defamation available under this section. (Olympus Mem. of Law at 12.)  Plaintiff counters that 15 U.S.C. § 1681h(e) explicitly allows defamation actions where there is malice or willful intent to injure.   (Pl.'s Resp.-Defamation at 10.) Therefore, according to plaintiff, 15 U.S.C. § 1681h(e) does not preempt defamation claims; it merely imposes a higher standard, and this higher standard only applies if the disclosure was made pursuant to sections 1681g, 1681h, or 1681m.   (*Id.* at 10-12.) Plaintiff argues that his defamation claim is not preempted by 15 U.S.C. § 1681h(e) because he has sufficiently alleged malice or willful intent on the part of Olympus and, in any event, the disclosure in question was not made pursuant to sections 1681g, 1681h, or 1681m.   (*Id.* at 13-14.)

---

[5]   "Except as provided in sections 1681n and 1681o of this title, **no consumer may bring any action or proceeding in the nature of defamation**...with respect to the reporting of information against...any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer**." 15 U.S.C. § 1681h(e) (emphasis added).

11

### 2.   **Reconciling 15 U.S.C. § 1681t(b)(1)(F) with 15 U.S.C. § 1681h(e)**

To summarize, § 1681t disallows any state law that imposes requirements or prohibitions relating to the furnishing of information to consumer reporting agencies.   Section 1681h(e) disallows any defamation action arising out of the disclosure of false information to a consumer reporting agency, pursuant to sections 1681g, 1681h, or 1681m, unless the false information was furnished with malice or willful intent to injure the consumer. These statutes overlap each other in that each provides some protection to furnishers of information.  However, they also appear to contradict each other in that § 1681t prohibits state causes of action against furnishers of information, while § 1681h(e) allows consumers to sue such entities for defamation, a state cause of action, if the defamatory statement was made with malice or willful intent to injure.   The former, therefore, provides furnishers of information with a blanket immunity to suit, while the latter gives them much narrower protection.   Several district courts have noted this overlap and contradiction.  *Jeffrey v. Trans Union, LLC*, 273 F. Supp.2d 725, 726-28 (E.D. VA. 2003); *Stafford*, 262 F. Supp.2d at 784; *Carlson v. Trans Union LLC*, 259 F. Supp.2d 517, 521 (N.D. Tex. 2003); *Vazquez-Garcia*, 222 F. Supp.2d at 161; *Hasvold*, 194 F. Supp.2d at 1231; *Dornhecker v. Ameritech Corp.*, 99 F. Supp.2d 918, 930-31 (N.D. Ill. 2000).   This Court has been unable to find any circuit court opinion addressing the issue, and the parties in this

12

case have pointed to none. Therefore, before deciding which, if either, preemption statute governs this case, the Court finds it prudent to first discuss the three ways in which other district courts have addressed this issue.

First, some district courts have reconciled these two seemingly contradictory statutes by reading the more recent statute, 15 U.S.C. § 1681t, as applying once a furnisher of information receives notice of a dispute from a credit reporting agency; under this approach, 15 U.S.C. § 1681h(e) applies only up until the time a furnisher of information receives such notice. *Stafford*, 262 F. Supp.2d at 785; *Vazquez-Garcia*, 222 F. Supp.2d at 161. While such a reading has the benefit of giving effect to both statutes, the Court finds the practical result troubling. The newer statute, § 1681t, provides furnishers of information with much greater protection (potentially no lawsuits) than does the older statute, § 1681h(e) (allowing defamation actions premised on malice or willfulness). To read the two statutes in the way suggested by these two district courts has the effect of giving a furnisher of information more protection from exposure to liability for acts committed *after* receiving notice of a dispute than for acts committed *before* such notice. It seems odd to this Court that Congress intended to protect furnishers of information more once they have knowledge that a consumer is disputing an item on his credit report; one would, logically, expect the opposite policy.

13

This Court, therefore, declines to adopt such a reading.

Second, at least one district court has read the newer statute as completely nullifying the former statute. *Hasvold*, 194 F. Supp.2d at 1238-39. Under such a reading, § 1681t preempts all state law claims against furnishers of information, even defamation actions where malice is alleged. Such a reading is also unsatisfying because it allows a district court, without any clear direction from Congress, to choose which of the two sections to apply. Making such an election seemingly violates the cannon of statutory construction whereby courts interpret statutes so as to give effect to every part of a statute; "[i]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal citations and quotations omitted). The Court, therefore, declines to adopt such a reading.

Third, some district courts have read § 1681t as applying to only those state causes of action created by statute, whereas they read § 1681h(e) to address a state cause of action, defamation, which is created by common law. *Jeffrey*, 273 F. Supp.2d at 728; *Carlson*, 259 F. Supp.2d at 521; *Dornhecker*, 99 F. Supp.2d at 931. Such a reading gives effect to both § 1681t and § 1681h(e). It also does not have the illogical effect of protecting a furnisher

14

of information more after it has received notice of a dispute than before it has received such notice. The Court, therefore, adopts this approach for reconciling the two statutes. Moreover, at this stage in the litigation, before the parties have completed discovery, and before any circuit court has provided guidance on this issue, the Court believes it prudent to assume that the Eleventh Circuit would read the two preemption statutes in the way most hospitable to the plaintiff.

### 3.   Resolving the Pending Motion

Because the Court has concluded that the Eleventh Circuit would likely read 15 U.S.C. § 1681t(b)(1)(F) as applying to state statutory law claims and 15 U.S.C. § 1681h(e) as applying to state common law claims, the Court will proceed under 15 U.S.C. § 1681h(e), as plaintiff has alleged defamation.   As discussed, *supra*, this section allows defamation claims against furnishers of information, provided that the furnisher of information acted with malice or willful intent to injure the consumer.

On this motion to dismiss, the Court's role is to determine whether plaintiff has sufficiently alleged malice or willful intent on the part of Olympus.   Section 1681h(e) does not define malice. In the defamation context, however, courts have indicated that a statement is made with malice when made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964); *see also*

15

*Schafer v. Time, Inc.*, 142 F.3d 1361, 1366 (11th Cir. 1998). Additionally, malice need not be pleaded with particularity; rather, malice "may be averred generally." Fed. R. Civ. P. 9(b); *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002). Accordingly, the Court must determine whether plaintiff has generally alleged that Olympus' reporting of the inaccurate credit information was made with knowledge that the information was false or with reckless disregard of its truth. Plaintiff has alleged that Olympus knew the statements about plaintiff's closed account were false at the time it made them because plaintiff had paid in full the amount due on the account *and* plaintiff had notified Olympus of both his payment and the inaccurate reporting. (Compl. [1] at ¶¶ 44, 46.) Plaintiff further has alleged that despite these facts, Olympus continued to report the information incorrectly. (*Id.* at ¶ 46.) These *allegations* are sufficient to survive Olympus' motion to dismiss.

At this state of the litigation, the Court's role is only to determine whether the plaintiff has alleged enough facts whereby, if proved at trial, he would be entitled to relief. Plaintiff has met this burden here. Olympus has failed to meet the high burden of showing this Court that plaintiff is incapable of proving any set of facts consistent with the Complaint [1] that would entitle him to relief. *Beck*, 144 F.3d at 736. The Court cannot say that plaintiff, after discovery, will not be able to prove any set of

16

facts consistent with the complaint which would entitle him to relief. *Hishon*, 467 U.S. at 73. The Court, therefore, **DENIES** Olympus' motion to dismiss for failure to state a claim [12] as to the defamation count.

The Court takes this opportunity to note that the ability to sue a furnisher of information under state *defamation* law is an important option for plaintiffs who may not be able to prevail under 15 U.S.C. § 1681s-2(b). It seems more than plausible to the Court that a plaintiff may not, at trial, be able to prove that a credit reporting agency notified a furnisher of information regarding a dispute on the credit report, which would take the plaintiff's case out of 15 U.S.C. § 1681s-2(b). Moreover, a credit reporting agency may be a bad actor and refuse to give proper notice to a furnisher of information. If a plaintiff had himself informed the furnisher of information of the inaccuracy and the furnisher continued to incorrectly report the information, Congress likely may have intended for the plaintiff to seek recourse from both the *credit reporting agency*, under the FCRA, and the furnisher of information, under state libel laws.

## II.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") allows a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). "For the purposes of this Rule, the term 'responsive pleading' does

17

not include such filings as a motion to dismiss or a motion for summary judgment." *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (citing *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir.1995)); *see also Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993) ("It is well established in this circuit that a motion to dismiss is not considered a responsive pleading for purposes of rule 15(a)."). Once a responsive pleading has been served, leave of court is required before a party may amend a pleading, unless the opposing party gives its written consent to so amend. Fed. R. Civ. P. 15(a). In such circumstances, the court is to freely allow such leave when justice so requires. *Id.* However, a district court need not grant leave to amend if the proposed amendment would unduly delay the proceedings, unduly prejudice the defendant, or constitute an exercise in futility. *Maynard v. Bd. of Regents of Div. of Universities*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal citations omitted). "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 (11th Cir. 2000) (quoting *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

Plaintiff has filed a motion for leave to amend his complaint (Pl.'s Mot. for Leave to File Am. Compl. [14]), which defendant Olympus opposes (Def. Olympus Servicing, L.P.'s Resp. in Opp'n to

18

Pl.'s Mot. for Leave to File Am. Compl. [21]). At the time plaintiff filed his motion for leave to amend his complaint, he was permitted, as a matter of course, to amend his allegations against Olympus, since Olympus had yet to serve any responsive pleading. Fed. R. Civ. P. 15(a). The Court notes that plaintiff was not entitled, as a matter of course, to amend any of the allegations asserted against defendants Equifax or Wilshire, as both of those defendants had served their answers, i.e., responsive pleadings, before plaintiff filed this motion. (See Equifax's Answer and Affirmative Defenses [5]; Answer and Defenses of Defendant Wilshire Credit Corporation [13].) Yet, because plaintiff has filed this motion, rather than simply amending the complaint with respect to only the allegations asserted against defendant Olympus, and because plaintiff also seeks to amend the allegations asserted against defendant Wilshire, the Court is obligated to rule on the motion.

As discussed *supra*, plaintiff has stated no claim under 15 U.S.C. § 1681s-2(a). Plaintiff seeks to amend his complaint, proposing to allege causes of action against defendants Olympus and Wilshire[6] under 15 U.S.C. § 1681s-2(b). Plaintiff has failed to

---

[6] The Court notes that defendant Wilshire has not filed any pleading opposing this motion. Nevertheless, because defendant Olympus has opposed the motion with respect to the allegations asserted against it (Def. Olympus Servicing, L.P.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. [21]) and the proposed amendments are identical as to defendant Olympus and defendant Wilshire, the Court will rule on plaintiff's motion in its

AO 72A
(Rev 3/82)

allege facts in his proposed amended complaint that are sufficient to state a claim on which relief can be granted. Section 1681s-2(b) requires that a furnisher of information perform certain functions upon receiving notice of a dispute from a *credit reporting agency*. 15 U.S.C. § 1681s-2(b) (emphasis added). Here, there are no allegations that defendant Olympus or defendant Wilshire ever received notice of any dispute regarding plaintiff from anyone except plaintiff. Such notice is insufficient. *See Stafford*, 262 F. Supp.2d at 784 (notice from consumer not sufficient under statute); *Dornhecker*, 99 F. Supp.2d at 928-29 (in order to state a claim under statute, plaintiff must allege that credit reporting agency notified furnisher of information). The plain language of the statute requires that a furnisher of information receive notice of a dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b). Plaintiff's failure to so allege is fatal to his proposed amendments. Because plaintiff's proposed amended complaint is subject to dismissal, the proposed amended complaint is futile. *Galindo*, 203 F.3d at 777. The Court would be inclined to allow plaintiff leave to amend his complaint, if the proposed amendments contained the appropriate allegation, because then the amendment would not be futile. Accordingly, the Court, **DENIES without prejudice** plaintiff's motion for leave to amend complaint [14].

---

entirety.

20

## III. PLAINTIFF'S DISCOVERY MOTIONS

Plaintiff has also filed various discovery-related motions: motion to compel Olympus to serve initial disclosures [42]; motion to compel Olympus to produce discovery responses and documents [43]; AND motion to strike Olympus' response to plaintiff's motion to compel initial disclosures [48]. This Court stayed discovery for 90 days or until the bankruptcy trustee notified the parties regarding the prosecution of plaintiff's claims against defendant Olympus plus ten days, whichever occurred first. (July 25, 2003 Endorsed Order [35].) Olympus has opposed all of plaintiff's discovery motions on essentially the same grounds: Olympus does not believe that plaintiff has the capacity to pursue these claims because plaintiff filed for bankruptcy in June 2003, making the claims the property of the bankruptcy estate and the bankruptcy trustee has not notified Olympus that he has abandoned these claims. (Def. Olympus Servicing, L.P.'s Mem. of Law in Resp. to Pl.'s Mot. to Compel Initial Disclosures [46]; Def. Olympus Servicing, L.P.'s Mem. of Law in Resp. to Pl.'s Mot. Compel Disc. Responses and Docs. [47]; and Def. Olympus Servicing, L.P.'s Mem. of Law in Resp. to Pl.'s Mot. to Strike [50].) Plaintiff's counsel notified Olympus, in a telephone call on August 26, 2003, that the bankruptcy trustee abandoned these claims. (Aff. of Lisa D. Wright, attach. to Pl.'s Mot. to Compel Def. Olympus Servicing, L.P. to Serve Initial Disclosures [42], at ¶ 4.) On September 4,

21

AO 72A
(Rev 3/82)

2003, plaintiff's counsel served Olympus' counsel with a copy of the notification sent to the bankruptcy judge regarding the trustee's decision to abandon these claims. (*Id.* at ¶ 5.) Olympus argues that only notification from the bankruptcy trustee would require the parties to resume discovery before the end of the 90 day period. (*See* Def. Olympus Servicing, L.P.'s Mem. of Law in Resp. to Pl.'s Mot. to Compel Initial Disclosures [46] at 3-6.)

Whether Olympus is correct in its assertion that only notification from the bankruptcy would suffice to end the stay of discovery is not the issue. If Olympus believes this to be the case, its remedy is to file an appropriate motion with an appropriate court. Olympus had some notice that the bankruptcy trustee had abandoned plaintiff's claims against Olympus. Therefore, Olympus' chosen remedy to simply cease cooperating in discovery with plaintiff is not an option. Olympus should have filed an appropriate motion,[7] presenting its arguments regarding plaintiff's inability to pursue these claims and plaintiff's inability to speak for the bankruptcy trustee regarding his abandonment of the claims. Parties cannot refuse to comply with the rules of discovery merely because they think there is a winning defense to the underlying suit. Accordingly, the Court **GRANTS** plaintiff's motion to compel Olympus to serve initial disclosures

---

[7] The court best able to sort out this argument, at the outset, would appear to be the bankruptcy court.

AO 72A
(Rev.3/82)

[42] and plaintiff's motion to compel Olympus to produce discovery responses and documents [43]. The Court **DENIES as moot** plaintiff's motion to strike Olympus' response to plaintiff's motion to compel initial disclosures [48].

## IV. MOTION TO COMPEL DEFENDANT OLYMPUS TO APPEAR FOR DEPOSITION UPON ORAL EXAMINATION AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER FROM THE SAME

Plaintiff has moved this Court to compel Olympus to appear for deposition upon oral examination [56-1] and for sanctions against Olympus [56-2]. Olympus opposes this motion (Def. Olympus Servicing, L.P.'s Resp. to Pl.'s Mot. to Compel Appearance for Dep. and for Sanctions [61]) and has moved this Court for an order protecting it from the deposition (Def. Olympus Servicing, L.P.'s Notice of Mot. and Mot. for Protective Order [57].). Olympus' ground for opposing plaintiff's motion and seeking the protective order are the same: as far as Olympus is concerned, the bankruptcy trustee, not plaintiff, is the proper party to pursue these claims, since the bankruptcy trustee had not notified Olympus regarding his abandonment of the claims. The Court will address Olympus' motion first.

The local rules of this Court require that every motion filed that relies on allegations of fact be accompanied by a supporting affidavit. LR 7.1(A)(1), NDGa. Here, despite the fact that Olympus is relying on the alleged facts that plaintiff was in bankruptcy and that the bankruptcy trustee has not properly

23

abandoned these claims (Def. Olympus Servicing, L.P.'s Mem. of Law in Supp. of Mot. for Protective Order [57] at 2-3), Olympus has failed to file, with this motion, any supporting affidavits on these points.  This Court will not cull through the record of the bankruptcy court in search of evidence supporting Olympus' case. That is the job of Olympus' counsel.  *See United States v. Adkinson*, 135 F.3d 1363, 1378-1380 (11th Cir. 1998); *Johnson v. City of Ft. Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997); *Dickson v. Amoco Performance Prods., Inc.*, 845 F. Supp. 1565, 1570 (N.D. Ga. 1994) (Hall, J.) ("It should be a party's responsibility to direct the court's attention separately to each portion of the record which supports each of the party's distinct arguments."). All the Court has, on this pleading, is Olympus' conclusory statements regarding plaintiff's claims and their relationship to the bankruptcy trustee, which are insufficient grounds for this Court to grant a protective order.  Olympus' motion for a protective order [57] is, therefore, **DENIED**.  Additionally, the Court suggests that Olympus resolve this issue with the bankruptcy court, rather than asking this Court to make determinations based on proceedings in another court.  If Olympus follows the Court's suggestion and is ultimately successful in producing, from the bankruptcy court, evidence supporting its contentions, then it may again ask this Court for a protective order.  Given the delay that Olympus has already caused, however, the Court will not stay

24

discovery awaiting such an order.

For the same reasons, the Court **GRANTS** plaintiff's motion to compel Olympus to appear for deposition upon oral examination [56-1], although it **DENIES** plaintiff's motion for sanctions [56-2].

## V.   PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff has requested that this Court take judicial notice of the fact that plaintiff's bankruptcy has been discharged. (*See* Pl.'s Req. for Judicial Notice [49].)  Olympus opposes this request on the same grounds as it opposes plaintiff's other motions: the bankruptcy trustee, not plaintiff, is the proper party to pursue these claims. (Def. Olympus Servicing, L.P.'s Mem. of Law in Opp'n to Judicial Notice [53].)   Since plaintiff has attached the bankruptcy court's record of the discharge, the Court **GRANTS** plaintiff's request [49].

## VI.   DEFENDANT OLYMPUS' MOTION TO EXTEND DISCOVERY

Defendant has requested that the Court extend the discovery period, which this Court, in its July 11, 2003 Order [32] ordered closed December 1, 2003. (Def. Olympus Servicing, L.P.'s Mot. for Enlargement of Disc. Period and Scheduling Order Deadlines, "Olympus' Disc. Mot.," [60].)   The Court agrees with one ground Olympus has presented in support of its motion: since the Court stayed discovery during plaintiff's bankruptcy, the Court should now allow Olympus additional time to conduct discovery. However, the Court, as discussed *supra*, strongly disapproves of Olympus'

25

chosen discovery strategy.  The other defendants in this case have engaged in cooperative discovery with plaintiff, leaving only defendant Olympus in the awkward position of seeking more time to compensate it for its open disregard of discovery rules.  From the record before it, it appears to the Court that the other defendants in this case have been able to complete discovery within the previously scheduled time frame.   Therefore, in order not to prejudice the other defendants or unduly delay this action any further, the Court **GRANTS** defendant Olympus' motion for a discovery extension [60] and orders that **discovery end by April 30, 2004.**

Because it has ordered discovery reopened, the Court **DENIES without prejudice** plaintiff's motion for summary judgment against Equifax on the issue of liability [65]**, DENIES without prejudice** defendant Equifax's motion for summary judgment [69], and **DENIES without prejudice** defendant Olympus' motion for summary judgment [70].  The parties have until **May 21, 2004** to refile these motions.

## VII. PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT OLYMPUS

Plaintiff has moved for a default judgment against defendant Olympus essentially on the grounds that defendant Olympus has been uncooperative in discovery.  (Pl.'s Mot. for Default J. Against Def. Olympus Servicing, L.P. [64].)   While the Court strongly disapproves of defendant Olympus' refusal to abide by the rules of discovery, the Court declines to grant plaintiff's motion.

AO 72A
(Rev.3/82)

Entering a default judgment is an extreme sanction. The Court trusts that defendant Olympus will read this Order and begin conduct itself properly, which includes cooperating in discovery. The Court considers this Olympus' last warning and will not be inclined to look so charitably on Olympus shall the Court learn that it continues to thwart the discovery process, especially after this Court has granted its motion for additional time to conduct discovery. Accordingly, the Court **DENIES** plaintiff's motion for a default judgment against defendant Olympus [70].

### CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** defendant Olympus Servicing, L.P.'s Motion to Dismiss [12]; **DENIES without prejudice** plaintiff's Motion for Leave to File Amended Complaint [14]; **GRANTS** plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Serve Initial Disclosures [42]; **GRANTS** plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Produce Discovery Responses and Documents [43]; **DENIES as moot** plaintiff's Motion to Strike Defendant Olympus Servicing, L.P.'s Response to Plaintiff's Motion to Compel Initial Disclosures [48]; **GRANTS** plaintiff's Request for Judicial Notice [49]; **DENIES** plaintiff's Request for a Scheduling Conference [54]; **GRANTS** plaintiff's Motion to Compel Defendant Olympus Servicing, L.P. to Appear for Deposition Upon Oral Examination [56-1]; **DENIES**

27

plaintiff's Motion for Sanctions Against Olympus Servicing, L.P. [56-2]; **DENIES** defendant Olympus Servicing, L.P.'s Motion for Protective Order [57]; **GRANTS** defendant Olympus Servicing, L.P.'s motion to extend time for discovery and scheduling order deadlines [60]; **DENIES** plaintiff's Motion for a Default Judgment Against Olympus Servicing, L.P. [64]; **DENIES without prejudice** plaintiff's Motion for Summary Judgment Against Equifax Credit Services, LLC on the Issue of Liability [65]; **DENIES without prejudice** defendant Equifax Credit Services, LLC's Motion for Summary Judgment [69]; AND **DENIES without prejudice** defendant Olympus Servicing, L.P.'s Motion for Summary Judgment [70].

Pursuant to the above Order, discovery shall expire on April 30, 2004, and summary judgment motions are due to be filed or refiled on May 21, 2004.

SO ORDERED, this ____ day of March, 2004.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

28