IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAREY SCOTT NEAL,<br>    Plaintiff | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO. 1:03-CV-0761-JEC |
| vs. | )<br>) |
| EQUIFAX INFORMATION SERVICES LLC<br>OLYMPUS SERVICING, L.P., and<br>WILSHIRE CREDIT CORPORATION<br>    Defendants | )<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF**

**PLAINTIFF'S MOTION IN LIMINE – EXCLUDE EVIDENCE OF**

**SETTLEMENT DISCUSSIONS, SETTLEMENT NEGOTIATIONS, AND**

**SETTLEMENT**

Plaintiff Carey Scott Neal respectfully seeks to exclude any effort by defendant, Equifax Information Services, LLC, to offer evidence on testimony or reference by counsel for Equifax to settlement discussions, settlement negotiations, and settlement in this lawsuit or any others involving the same counsel in this case. Affiliated Mfrs., Inc. v. Aluminum Co. of Am., 56 F.3d 521, 526-30 (3d Cir. 1995); FRE 408.  Plaintiff likewise seeks to exclude any reference to settlement or dismissal of the defendants, Wilshire Credit Corporation and Olympus Servicing,

1

L.P. Equifax is not entitled to any offset or credit for settlements made with those defendants and the case law under the FCRA is clear and uniform in that regard.

In McMillan v. Equifax Credit Information Services, 153 F.Supp.2d 129 (U.S.D.C. Conn. 2000), the Judge would not allow the defendants, in a credit reporting case arising from application fraud, to implead and join the imposter, plaintiff's son, as a defendant in an effort to lay off liability or to seek contribution. The Judge denied the motion and held that the imposter did not cause the Bank [movant] to violate the Fair Credit Reporting Act requirements. This opinion is consistent with earlier cases refusing to permit contribution claims where a defendant violated the FCRA. It served no purpose to permit a defendant to lay off its liability for violating the Act.

Other courts have also refused to permit indemnification or contribution to defendants in FCRA cases. Any right of contribution for liability arising from the violation of a federal statute is a matter of federal law and not state law. Northwest Airlines v. Transport Workers, 451 U.S. 77, 67 L.Ed.2d 750, 101 S.Ct. 1571 (1981); Doherty v. Wireless Broadcast Systems, 151 F.3d 1129 (9th Cir. 1998); Ricci v. Key Bancshares of Maine, Inc., 768 F.2d 456 (1st Cir. 1985). The Doherty, supra, court found that rights to indemnification or contribution can arise only through an affirmative grant of such rights by statute by Congress. This grant

must be express or implied.  The only other way is through federal common law.  Thus far, the courts have found no such rights.  The Northern District of Illinois in Kay v. First Continental Trading, 966 F.Supp. 753 [U.S.D.C. N.D. Ill. 1997], held that there is no right to contribution to a defendant who has violated the Fair Credit Reporting Act.  Likewise, the Northern District of California in Irwin v. Mascott, 94 F.Supp.2d 1052 (U.S.D.C. N.D. Cal. 2000), found no contribution right available to a defendant who violated the sister statue to the FCRA, the Fair Debt Collection Practices Act (FDCPA), which is also contained in the Consumer Credit Reform Act of 1968, 15 U.S.C. 1600, et, seq.  The same result haled in Wiggins v. Phillip Morris, Inc., 853 F.Supp. 470 [U.S.D.C. D.C. 1994].

For the reasons set forth herein, Plaintiff asserts that this motion should be granted and that an appropriate order excluding such documents, testimony, reference or comment be entered.

Dated: March 28, 2005.

                    Respectfully submitted,

                    LAW OFFICE OF LISA D. WRIGHT, LLC

By:   s/Lisa D. Wright
        Lisa D. Wright
        Attorney for Plaintiff
        Georgia State Bar No. 268781

235 Peachtree Street, NE Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Facsimile)
attorneywright@prodigy.net

4