IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAREY SCOTT NEAL,           )
    Plaintiff               )
                            )
                            ) CIVIL ACTION
                            ) FILE NO. 1:03-CV-761-WSD
vs.                         )
                            )
EQUIFAX INFORMATION SERVICES LLC )
    Defendant               )

## PRETRIAL ORDER SUBMISSIONS

1. There are no motions or other matters pending for consideration by the Court except as noted: Plaintiff reserves the right to file motions in limine, including but not limited to, motions in limine on the following issues: (1) to exclude any and all evidence of Defendants' remedial measures taken after this lawsuit was filed; (2) to exclude any and all documents not produced during the discovery period. Defendant reserves the right to file motions in limine, including but not limited to a motion to exclude plaintiff's business damages.

2. All discovery has been completed, unless otherwise noted; and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B) Provided there is no resulting delay in readiness for trial, the parties

shall, however, be permitted to take the depositions of any persons for the preservation of evidence and use at trial.

3. Unless otherwise noted, the names of the parties as shown in the caption of this Order and the capacity in which they appear are correct and complete and there is no question by any party as to the misjoinder or non-joinder of any parties.

The names of the parties as shown in the caption are correct and complete.

4. Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.) There is no question as to the jurisdiction of this Court. This Court has jurisdiction over this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p.

5. The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiff:**
Lisa D. Wright
Georgia Bar No. 268781
Law Office of Lisa D. Wright, LLC

235 Peachtree Street NE, Suite 888
Atlanta, Georgia 30303

**For Defendant Equifax Information Services LLC (hereinafter "Equifax"):**
John J. Friedline
Georgia Bar No. 277505
Mara McRae
Georgia Bar No. 499138
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309

6. Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b).) State below the reasons, if any, why the plaintiffs should not be permitted to open arguments to the jury.

   None.

7. The captioned case shall be tried to a jury.

8. State whether the parties request that the trial to a jury be bifurcated, *i.e.* that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

   The parties do not request that the trial be bifurcated.

9. Attached hereto is Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

10. Attached hereto as Attachment "B-1" are the general questions which plaintiffs wish to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendants wish to be propounded to the jurors on voir dire examination. The Court shall question the prospective jurors as to their address and occupation and as to the occupation of the spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11. State any objections to Plaintiff's voir dire questions:

State any objections to Defendant's voir dire questions: Plaintiff objects to Defendant's voir dire question #24 is improperly weighted towards the defendant.

4

12. All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

The parties have not stipulated otherwise.

13. State whether there is any pending related litigation. Describe briefly, including style and civil action number.

None.

14. Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances and illustrative case law creating a specific legal duty relied upon by Plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be

separately listed. For each item of damage claimed, Plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation or any decision authorizing recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15. Attached hereto as Attachment "D" is Defendant Equifax's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16. Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to facts contained in the stipulation and the stipulation may be read into evidence at the beginning of trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do may result in the imposition of sanctions upon the non-cooperating counsel.

17. The legal issues to be tried are as follows:

Plaintiff's Legal Issue:

>   1) Whether Defendant Equifax violated FCRA, 15 U.S.C. § 1681e(b) and if so, what damages are appropriate pursuant to FCRA, 15 U.S.C. § 1681o;
>
>   2) Whether Defendant Equifax violated FCRA, 15 U.S.C. § 1681h(c) and if so, what damages are appropriate pursuant to FCRA, 15 U.S.C. § 1681o; and

       3) Whether Defendant Equifax violated FCRA, 15 U.S.C. § 1681i and if so, what damages are appropriate pursuant to FCRA, 15 U.S.C. § 1681o.

18. Attached hereto as Attachment "F-1" for the plaintiff and Attachment "F-2" for the defendant is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party *will* have present at trial and those witnesses whom the party *may* have present at trial. Expert (any witnesses who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on this witness list (including expert, impeachment and rebuttal

8

witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

19. Attached hereto as Attachment "G-1" for Plaintiff and "G-2" for Defendant Equifax are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached list by affixing numbered yellow stickers to Plaintiff's exhibits and numbered blue stickers to the Defendant's exhibits and numbered white

stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiffs or defendants shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the Court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during the trial to examine exhibits that are or should have been listed.

20. The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Plaintiff's Designations:

Plaintiff does not designate any deposition testimony at this time, but reserves the right to use any depositions in this case for rebuttal purposes. Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or video tape, shall not go out with the jury.

Defendant Equifax's Designations:

Defendant does not designate any deposition testimony at this time, but reserves the right to use any depositions in this case for rebuttal purposes. Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or video tape, shall not go out with the jury.

21. Attached hereto as Attachments "H-1" for Plaintiff and "H-2" for Defendant Equifax, and "H-3", etc for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22. In the event this is a case designated for trial to the Court with a jury, requests to charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of the party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the *Eleventh Circuit District Judges Association's Pattern Jury Instructions* and Devitt & Blackmar's *Federal Jury Practice and Instructions* in preparing the requests to charge. For those issues not covered by the *Pattern Instructions* or *Devitt & Blackmar*, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23. If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this pretrial order. If counsel cannot

agree on a special form of submission, the parties will propose their separate forms for the consideration of the court.

24. Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request shall be noted (and explained) herein.

Plaintiff does not desire any additional time for argument.

25. If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law no later than the opening of trial.

26. Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties have not met in person since the deposition of Equifax on December 1, 2003 to discuss in good faith the possibility of settlement of this case. Lead counsel and persons possessing settlement authority to bind the parties have conferred in good faith regarding the possibility of settlement of this case, the last communication was held on

April 4, 2005. The Court has not discussed settlement of this case with counsel. It appears at this time that there is:

    (   ) a good possibility of settlement.

    ( X) some possibility of settlement.

    (   ) little possibility of settlement.

    (   ) no possibility of settlement.

27. Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the Court.

28. Plaintiff estimates that it will require 2 days to present its evidence. Defendant Equifax estimates that it will require 1-2 days to present its evidence. It is estimated that the total trial time is 3-4 days.

29. **IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above-captioned case ( X ) submitted by stipulation of the parties or (   ) approved by the Court after conference with the parties.

**IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the

15

pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or to add to any part of the Pretrial Order after the Pretrial Order has been filed shall be invalid and of no effect and it shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

  IT IS SO ORDERED this _____ day of _____, 2005.

            _____
            HONORABLE WILLIAM S. DUFFEY, JR.
            UNITED STATES DISTRICT JUDGE
            Northern District of Georgia

Each of the undersigned counsel for the parties hereby consents to the entry of the foregoing Pretrial Order, which has been prepared in accordance with the form Pretrial Order adopted by this Court.

  This _____ day of _____, 2005.

LAW OFFICE OF LISA D. WRIGHT, LLC

s/Lisa D. Wright
Lisa D. Wright
Georgia State Bar No. 268781
*Attorney for Plaintiff*

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Fax)
attorneywright@prodigy.net

s/John J. Friedline
John J. Friedline
Georgia Bar No. 277505
*Attorney for Defendant Equifax*

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
404-815-6424