UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAREY SCOTT NEAL,              )<br>                                             )<br>         Plaintiff,                  )<br>                                             )<br>v.                                        )         CIVIL ACTION FILE<br>                                             )         NO.: 1:03-CV-761-WSD<br>EQUIFAX INFORMATION     )<br>SERVICES LLC,                      )<br>                                             )<br>         Defendant.             )<br>_____ ) | |

**EQUIFAX'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE**

Plaintiff has sought to protect against any testimony regarding settlement discussions between himself and Equifax, as well as between him and the other parties that have already settled in this matter. Equifax does not oppose the motion regarding the discussions between it and plaintiff and had no intention of introducing such evidence into this matter.

As for the settlements that have already been concluded by the other parties to this matter, however, Equifax does oppose the plaintiff's motion to the extent that such payments reduce the amount of actual damages plaintiff has allegedly suffered in this matter.

A plaintiff cannot recover twice for the same injury. *E.g. Finch v. City of Vernon*, 877 F.2d 1497 (11th Cir.1989). In this case, there is the possibility for a double recovery if evidence of the prior settlements with the creditor defendants is completely excluded. This is because the recovery here is limited to actual damages, which had to arise from the issuance of an erroneous credit file that contained the information provided by the settled defendants. To the extent that this joint action caused a measurable economic harm, the amount of money that plaintiff has already been paid should be taken into account as a setoff from whatever damage he now claims against Equifax. And if plaintiff has already been made whole for this economic harm, he would no longer have a case or controversy regarding this portion of his claims.

While non-economic damages are still claimed against Equifax, and perhaps were against the other defendants, as well, only a thorough examination of the settlement documents and amounts will assure that plaintiff is not seeking to double dip into the well of recovery. Such examination need not take place in front of the jury, but should be brought to light before the parties' attorneys and the Court to prevent not only the double recovery, but also prevent any misleading references to the actual damage sustained, and left uncompensated.

WHEREFORE, Equifax requests that the Court deny plaintiff's motion in part and order plaintiff to produce the settlement agreements with the co-defendants, or otherwise identify what portion of the settlements have been paid to compensate for actual economic damages.

This 7th day of April, 2005.

The undersigned certifies, pursuant to LR 5.1B, that this document has been prepared in Times New Roman, 14 point, as approved by the Court.

> Respectfully submitted,
>
> EQUIFAX INFORMATION
> SERVICES LLC
>
> By:   /s/ *John J. Friedline*
> John J. Friedline
> GA Bar No.:  277505
> KILPATRICK STOCKTON LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309
> (404) 815-6500
> jfriedline@kilpatrickstockton.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day caused a true and correct copy of the within and foregoing **EQUIFAX'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** to be filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

This 7th day of April, 2005.

                                        */s/ John J. Friedline*
                                        John J. Friedline